Edward OWENS, Appellant,

v.

The STATE of Texas, State.

No. 2–91–327–CR.

Court of Appeals of Texas,
Fort Worth.

Aug. 25, 1992.

David K. Chapman, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and Larry M. Thompson, Asst., Fort Worth, for appellee.

Before LATTIMORE, MEYERS and DAY, JJ.

## OPINION

PER CURIAM.

Appellant, Edward Owens, was convicted of the offense of delivery of a controlled substance, namely: cocaine of less than twenty-eight grams. *See* TEX.HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D) and 481.112(a) & (b) (Vernon 1992). Appellant pled guilty without the benefit of a plea bargain, and entered a plea of "true" to the enhancement paragraph in the indictment. The court found appellant guilty of the offense charged, determined he had a prior felony conviction, and sentenced him to thirty years confinement in the Institutional Division of the Texas Department of Criminal Justice. In his sole point of error, appellant contends the trial court erred by failing to withdraw appellant's plea of guilty, sua sponte, when it became clear that the plea was involuntary.

We affirm.

The applicable Texas statute is article 26.13(b) of the Code of Criminal Procedure, which provides:

> (b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

TEX.CODE CRIM.PROC.ANN. art. 26.13(b) (Vernon 1989). The Supreme Court has held that a guilty plea must be a voluntary, knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756 (1970). *See*

*also Meyers v. State,* 623 S.W.2d 397, 401–02 (Tex.Crim.App. [Panel Op.] 1981).

Appellant contends the totality of the circumstances in his case demonstrate that his plea was not voluntary. On the morning of trial, the court denied appellant's motion for continuance, which was based upon defense counsel's inability to locate defense witnesses. The court then scheduled voir dire to begin at 1:30 that afternoon. When the proceedings resumed, appellant waived a jury trial and entered a plea of guilty, without benefit of any plea bargain agreement,[1] with punishment to be decided by the court. The court admonished appellant as to punishment range, the fact that a jury was immediately available to hear his case if he did not want to plead guilty to the court, that appellant was waiving any error of the court in denying appellant's motion for continuance, and that appellant's motion to suppress was waived inasmuch as no hearing had yet been held on the motion. Appellant pled guilty to the charge and acknowledged he was pleading guilty freely and voluntarily, no one had forced him to plead guilty, no one promised him anything to get him to plead guilty, and he was pleading guilty because he was guilty and for no other reason. Appellant waived his right of self-incrimination, took the witness stand, admitted his guilt to the alleged offense, and testified regarding the enhancement paragraph. The prosecutor then questioned appellant as follows:

Q. Is there anything that you feel that the State of Texas has done, myself has done, or my partner Mr. Parris here, to force you or threaten you to plead without a plea bargain agreement?

A. I feel like you all didn't give me enough time to get my witnesses.

Q. But you're admitting your guilt, is that correct?

A. Well, I—I can't do nothing but admit I'm guilty since I can't get my witnesses up here.

---

1. If the guilty plea was accepted by the court, the State agreed to dismiss another drug related

felony case that was pending against appellant.

Q. Mr. Owens, are you admitting you're guilty because you are guilty?

A. Yes, sir. Go ahead. Yes, sir.

Q. You're sure about that?

A. Yes, sir.

During examination by his own counsel, appellant was asked whether he understood that his various motions would be dismissed based upon his entering a plea of guilty. Appellant responded affirmatively, but when asked if that was what he wanted to do, appellant replied, "I really don't, but I have no choice." Appellant's counsel then proceeded to explain to appellant that he did in fact have a choice, and could pick a jury from the panel that was sitting in the hallway. Counsel continued questioning appellant as follows:

Q. ... But by entering a plea here of guilty, you're saying you don't want to have the jury, you want to go ahead and say you're guilty to the Judge. Now, is that my understanding of what you want to do?

A. I really don't know what I want to do right this moment.

Q. Well, you have to decide right now because it's going to go one way or the other. We're either going to have a jury trial or you're going to have a plea. And it's your choice what you want to do.

A. Go ahead with the plea.

Q. Okay. Is this what you want to do?

A. Uh-huh. Yes, sir.

Q. And have I tried to explain to you what I think will happen either way if you go to the jury or if you go just to the Judge?

A. Yes, sir.

Q. And was it your choice to do this today?

A. Yes, sir.

Q. And this is what you want to do?

A. Go ahead.

After the court discussed with appellant his plea of true to the enhancement paragraph, the court stated:

THE COURT: All right. Now, Mr. Owens, I'm concerned a little bit about your attitude here today of sort of sounding like you just want to go along, get along.

In the first place, it wasn't the District Attorney over here that denied your motion for continuance and said you were going to trial today, it was me. And I don't have any—any concern about that, I think I did what was right under the law.

But I want you to understand still that there's a jury sitting out in that hall and if you don't like this arrangement you've made here, I'm going to bring that jury panel in and we're going to pick a jury.

Now, you need to—you need to be a little more positive about what you want to do because if you persist here in pleading guilty, I'm fixing to find you guilty. And then—I'm going to tell you even though I don't have to tell you right now, that I'm going to put it off until in the morning so you can get whoever here you want to to testify before I assess punishment. I'm going to do that.

But if you persist in pleading guilty, I'm going to find you guilty based upon what we've done here today. And this is your last chance to change your mind and have a jury trial.

Do you have any questions of me? Do you understand what I'm explaining to you?

THE DEFENDANT: I understand what you explained.

THE COURT: Okay. Do you want to go ahead with this?

THE DEFENDANT: Go ahead.

THE COURT: You do want to go ahead?

THE DEFENDANT: Yes.

THE COURT: That's what you want to do?

THE DEFENDANT: Yes, sir.

In support of his contention that the circumstances of his case demonstrate that his plea was not voluntary and the trial court was under an obligation to withdraw appellant's plea of guilty, sua sponte, appellant relies upon *Gates v. State*, 543 S.W.2d 360 (Tex.Crim.App.1976). *Gates* involved a jury trial where the defendant entered a guilty plea to aggravated rob-

bery, then testified that he only attempted to commit robbery. *Id.* at 362. The court of criminal appeals concluded that the totality of the circumstances surrounding the case indicated the defendant was not voluntarily pleading guilty to the offense charged, and the trial court committed reversible error in charging the jury that the defendant had pled guilty, and in instructing them to return a verdict of guilty. *Id.*

Appellant in the instant case acknowledges that the subsequent case of *Moon v. State,* 572 S.W.2d 681 (Tex.Crim.App.1978) (opinion on reh'g), specifically holds that in determining whether the trial court should withdraw a guilty plea, there is a distinction between guilty pleas entered before a jury and those entered before the trial court sitting without a jury. *Id.* at 682 (Odom, J., dissenting). The court in *Moon* recognized a long line of cases, including *Gates,* which held that even when a jury has been waived and the plea is before the court without a jury, the trial court is required on its own motion to withdraw the defendant's guilty plea when the evidence introduced makes evident the innocence of the accused. *Id.* The *Moon* court concluded:

> There now seems to be no valid reason for the court to withdraw the guilty plea and enter a plea of not guilty for the defendant when the defendant enters a plea of guilty before the court after waiving a jury. It is the duty of the trial court to consider the evidence submitted and as the trier of the facts the court may find the appellant guilty of a lesser offense and assess the appropriate punishment or it may find the defendant not guilty. It would serve no purpose to withdraw the plea of guilty and enter a not guilty plea. Those cases in which this Court has reached a different result are overruled to the extent they conflict with the opinion in this case.

*Id.*

We agree with the State that neither *Gates* nor *Moon* is directly on point inasmuch as both cases dealt with situations wherein evidence was raised regarding a defendant's innocence, rather than a situation concerning the voluntariness of the defendant's plea.

 The standard for our review is whether appellant's plea represents a voluntary and intelligent choice among the alternative courses of action open to the appellant. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168 (1970). We have thoroughly reviewed the circumstances of appellant's guilty plea, and we conclude the plea was entered into voluntarily with sufficient awareness on the part of appellant of the relevant circumstances and likely consequences. Therefore, the trial court did not err in failing to withdraw appellant's plea of guilty, sua sponte. Appellant's sole point of error is overruled.

The trial court's judgment is affirmed.