Affirmed and Majority and Dissenting Opinions filed August 10, 2006








Affirmed and Majority and Dissenting Opinions filed
August 10, 2006.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00725-CR

_______________

 

ANTON DEVON NIKKYNUEBE HOUSTON 

AKA ANTON N. ROBERTSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 960,887

                                                                                                                                               


 

D I S S E N T I N G   O P I N I O N

Appellant
was convicted of a felony and sentenced to prison without a single recorded
hearing before the trial court.  Notwithstanding appellant=s written protests that he believed
he was Asigning for probation,@ the majority relies on barely
discernible stamps on the trial court=s docket sheet coupled with appellant=s signature on a discrepant
boilerplate form to hold that appellant knowingly and voluntarily entered a
plea of guilty.  Because appellant=s plea is involuntary under both
state law and the federal constitution, I respectfully dissent.

I.  Adequacy of Appellant=s Brief








The
majority suggests that appellant=s state-appointed attorney on appeal
failed to comply with the Rules of Appellate Procedure.  See Majority
Opinion at *3 (citing Walker v. State, 654 S.W.2d 61, 62 (Tex. App.CAustin 1983, writ ref=d)).  Rule 38.1 of the Texas Rules of
Appellate Procedure requires an appellant=s brief to include, in relevant part,
a statement of facts pertinent to the issues presented and a clear and concise
argument including appropriate citations to authorities.  Tex. R. App. P. 38.1(f), (h). 

In the
statement of facts, occupying over three pages of his brief, appellant directs
the court to numerous discrepancies in the trial court=s form admonishments.  In the section
of his brief entitled AArgument and Authorities,@ appellant states A[i]t is well established that a
guilty plea must be freely land (sic) voluntarily entered.@  Appellant then cites cases in which
courts have found pleas involuntary under both state law and the federal
constitution  because (1) the plea was based on misinformation or incorrect
assurances from the trial court, or (2) the trial court rejected the terms of a
plea bargain agreement, entitling the defendant to withdraw a plea.  

Texas
appellate courts have not directly addressed the question as to whether
discrepant form admonishments alone are enough to show a defendant entered a
guilty plea knowingly and voluntarily.  Consequently, appellant cites the two
lines of cases most closely analogous to the facts at issue.  Courts must
interpret the briefing requirements liberally and fairly.  See Morales v.
State, 820 S.W.2d
805, 806 (Tex. Crim. App.
1991); Davis v. State, 817 S.W.2d 345, 346 (Tex. Crim. App. 1991); see also Tex.
R. App. P. 38.9 (providing that briefing rules should be construed
liberally).  Accordingly, I conclude that appellant has sufficiently raised the
issue as to whether his plea was entered knowingly and voluntarily under both
state law and the federal constitution. 

II. Due Process Standard








If a
plea is not entered knowingly and voluntarily, it has been obtained in
violation of due process and is void.  McCarthy v. United States, 394
U.S. 459, 466 (1969).  The voluntariness of a plea is determined by considering
Aall of the relevant circumstances
surrounding it,@ and must be affirmatively shown in the record.  Brady v.
United States 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S.
238, 242 (1969).  Erroneous information conveyed to a defendant concerning a
matter such as probation will render a guilty plea based on the misinformation
involuntary.  Brown v. State, 943 S.W.2d 35, 42 (Tex. Crim. App. 1997); Fimberg
v. State, 922 S.W.2d 205, 207 (Tex. App.CHouston [1st Dist.] 1996, writ ref=d).

In order
to safeguard the constitutional rights of a defendant entering a guilty plea, 
the trial court must leave a record Aadequate for any review that may be
later sought and forestalls the spin-off of collateral proceedings that seek to
probe murky memories.@ Boykin, 395 U.S. at 244 (citations omitted).  The
trial court commits reversible error if the record does not reflect that a
defendant fully understands what the plea connotes and the consequences.  Id.
 When a defendant enters a plea of guilty, the proceedings before the trial
court are unitary, and there is no separate punishment phase.  Carroll v.
State, 975 S.W.2d 630, 632 (Tex. Crim. App. 1998).  In considering whether
a plea is voluntary, we examine the record as a whole.  Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998); see Boykin, 395 U.S. at 242;
Aguirre-Mata v. State, 125 S.W.3d 473, 474 (Tex. Crim. App. 2003)
(noting that there must be an affirmative showing Aspread on the record@ that a guilty plea was intelligent
and voluntary). 

III. Analysis

In his
first issue, appellant argues the trial court presented him with a preprinted
admonishments form that was improperly executed by his attorney.  As a result,
appellant claims he mistakenly believed he was Asigning for probation,@ and the plea was therefore Arendered involuntary.@   

A.        In the absence of an on-record hearing, does
appellant=s signature on a generic admonishments form Aaffirmatively show@ a guilty plea was entered knowingly and voluntarily?








The
preprinted admonishments form signed by appellant contained provisions waiving
oral admonishments and a court reporter.  Consequently, the majority holds that
Athe burden is on appellant to ensure
a sufficient record is presented on appeal to establish error.@  Majority Opinion at *6.  This
holding opens the door to wholesale circumvention of the requirement that the
trial court leave a record Aadequate for any review that may be later sought.@ See Boykin, 395 U.S. at 244.

  1.       Absence of Plea
Colloquy

Here,
the record does not indicate what inquiries, if any, were made by the trial
court to determine whether appellant=s plea was entered knowingly and
voluntarily.  Cf. Boykin, 395 U.S. at 239 (ASo far as the record shows, the judge
asked no questions of petitioner concerning his plea, and petitioner did not
address the court.@).  The majority appears to suggest that the trial court has
no responsibility to conduct a plea colloquy when a signed preprinted
admonishments form contains a provision waiving oral admonishments and a court
reporter=s record. 













Few
courts have addressed whether a defendant=s signature on a preprinted
admonishments form is enough to Aaffirmatively show@ a plea was entered knowingly and
voluntarily.  Under Federal law, the trial court must conduct an on-the-record
examination of the defendant.   See Fed.
R. Crim. P. 11.  Most states have adopted similar procedural safeguards.[1] 
Further, although there is some disagreement as to the extent of the inquiry
required when a defendant signs standardized forms, courts addressing the issue
appear to agree that, at a minimum, the record must indicate the trial court
inquired as to whether the defendant understood the forms.  See Cooper v.
State, 297 So.2d 169, 173 (Ala. Crim. App. 1973) (rejecting the argument
that a preprinted form was sufficient to show a knowing and voluntary plea and
holding that there A[m]ust be a personal interrogation by the trial judge and a
record made of the defendant=s responses to the judge=s inquiries@);  In re Ibarra, 666 P.2d
980, 984B85 (Cal. 1983) (holding that when a
defendant signs a preprinted waiver form, the judge Aneed only determine whether the
defendant had read and understood the contents of the form and discussed them
with his attorney@), abrogated by People v. Mosby, 92 P.3d 841, 844B45 (Cal. 2004) (applying
totality-of-the-circumstances test); State v. Arsenault, 897 A.2d 988,
992B93 (N.H. 2006) (concluding that a
plea colloquy is constitutionally required and a defendant=s signature on acknowledgment and
waiver-of-rights form is insufficient to meet due-process standards); see
also Dean v. State, 901 S.W.2d 323, 328 (Mo. Ct. App. W.D. 1995)
(concluding that a defendant must show prejudice if trial court relies on
written form and cursory on-record inquiry to determine whether the defendant
understood the form); People v. Van Hook, 539 P.2d 507, 508B09 (Colo. App. 1975) (holding that a
printed form signed by the defendant is Ano substitute@ for the requirement that the trial
court personally inquire as to whether the defendant understood his rights and
was entering the plea knowingly and voluntarily).

In
addition, the same standardCthat Athe record must show, or there must be an allegation and
evidence which show,@ the defendant acted intelligently and understandinglyCapplies to both waivers of the right
to counsel and guilty pleas.  See Boykin, 395 U.S. at 242 (discussing
the standard applicable to waivers of the right to counsel and concluding that
the same standard must be applied to determine whether a guilty plea is
voluntary).  In cases involving waivers of the right to counsel, courts have
concluded that a defendant=s signature on a standard, preprinted waiver form is
insufficient to show the waiver was entered knowingly and voluntarily.  See
Von Moltke v. Gillies, 332 U.S. 708, 724 (1948) (concluding that the trial
court=s cursory examination of the
defendant followed by the defendant=s signing of a standard waiver form
was inadequate under the circumstances to show a valid waiver); Henderson v.
Frank, 155 F.3d 159, 166B67 (3rd Cir. 1998) (rejecting the argument that the defendant=s signature on a preprinted waiver
form was sufficient to show a valid waiver and noting A[w]hether it be a U.S. District Judge
or a U.S. Magistrate Judge in a federal prosecution or a state judge in a state
criminal proceeding, the trial judge must conduct a colloquy with the accused
to determine that the waiver is not only voluntary, but knowing and intelligent@).    








Here,
the record reflects that appellant signed preprinted admonishments and waiver
forms, but it does not reflect even a cursory inquiry as to whether appellant
understood the forms.  In the absence of any inquiry to shed light on appellant=s understanding, the record does not Aaffirmatively show@ that the plea was entered knowingly
and voluntarily.  

2.         Presumption of
Regularity to Court Proceedings

Moreover,
to the extent the majority relies on stamps on the docket sheet and conclusory
assertions on the waiver and admonishments forms that appellant knowingly and
voluntarily entered his plea, the reliance is misplaced.  Contrary to the
majority=s suggestion otherwise, a reviewing
court may not rely on the presumption of regularity to court proceedings to
presume a defendant=s plea was knowingly and voluntarily entered.  See
Majority Opinion at *6 (asserting Awe presume recitals in the court
documents are correct unless the record affirmatively shows otherwise@).  








In cases
involving both guilty pleas and waivers of the right to counsel, there must be
an affirmative showing that the defendant acted intelligently and
voluntarily.   See Boykin, 395 U.S. at 242.  In Goffney v. State,
the Criminal Court of Appeals addressed the question as to whether the Apresumption of regularity@ applies when the defendant waives
his right to counsel.  843 S.W.2d 583, 584 (Tex. Crim. App. 1992).   In Goffney,
the defendant waived a record of the proceedings, but the judgment stated the
defendant Aknowingly, intelligently and voluntarily waived his right to counsel.@  Id.  The Court held that the
presumption of regularity did not apply because A[t]he focus of the analysis when a
defendant asserts his right of self-representation is not solely on whether
there was an actual waiver of the right to counsel, but whether the defendant
was aware of the dangers and disadvantages of self-representation.@  Id. at 585.  Similarly, here
the focus of the analysis is whether the defendant was aware of the relevant
circumstances and likely consequences of his plea. See Brady, 397 U.S.
at 748; cf. Boykin, 395 U.S. at 245 & n.1 (Harlan, J., dissenting)
(noting that, although the record stated the defendant appeared in open court
with his attorney to enter a plea of guilty, the record did not reflect Awhat inquiries were made by the
arraigning judge to confirm the plea was made knowingly and voluntarily@).  Consequently, the trial court=s failure to conduct an on-record
inquiry to determine whether appellant had a full understanding of the plea and
its consequences violated appellant=s rights under the due process clause
of the Fourteenth Amendment to the United States Constitution and rendered his
plea involuntary.

B.        If signed waiver and admonishments forms are
generally sufficient to affirmatively show a plea was entered knowingly and
voluntarily, were the forms sufficient in this case? 

Even if
signed waiver and admonishments forms are generally sufficient to prove a plea
was knowing and voluntary, the improper execution of the forms in this case
rendered appellant=s plea involuntary.  Moreover, the record Aaffirmatively shows@ that appellant was unaware of the
consequences of his plea and was misled or harmed by the forms.  Therefore, the
forms are also insufficient under the Texas Code of Criminal Procedure.   See
Tex. Crim. Proc. Code Ann.
art. 26.13(c) (providing that substantial compliance in admonishing the
defendant is sufficient unless he affirmatively shows he was not aware of the
consequences of his plea and was misled or harmed).

1.         Discrepancies in the Forms
as Applied to Appellant








Before
entering the plea, appellant signed a form entitled AWaiver of Constitutional Rights,
Agreement to Stipulate, and Judicial Confession@ and another form entitled AAdmonishments.@  Both forms were also signed by the
trial court, the State=s attorney, and appellant=s attorney. Appellant initialed
paragraphs in the admonishments form stating that he understood the
admonishments, the applicable punishment range, the consequences of his plea,
and that he Afreely, knowingly, and voluntarily executed this statement in open court
with the consent of and approval of [his] attorney.@  The AWaiver of Constitutional Rights@ form contained a statement affirming
that the trial court admonished the defendant of the consequences of his plea
and ascertained that the plea was entered knowingly and voluntarily. The admonishments
form contained two paragraphs providing that the defendant waived Athe right to have the trial court
orally admonish me@ and Athe right to have a court reporter record my plea.@  Both paragraphs were initialed by
appellant.  There is no court reporter=s record of the proceedings.








Appellant=s admonishments form indicates that
appellant=s attorney explained the possibility of deferred adjudication pursuant to
a nonexistent section 3d under article 42.12 of the Texas Code of Criminal
Procedure.[2]  A AMotion for Community Supervision@ was also filed with the forms the
day of the plea.  However, appellant asserts, and the State does not dispute,
that he was ineligible for probation.[3]  Other
indications that appellant was misinformed appear on the face of the
admonishments form.  For example, appellant initialed a provision waiving
indictment, but appellant had been indicted months earlier.  Appellant also
initialed a provision to waive a pre-sentence investigation contrary to a prior
agreement to conduct the investigation.  Further,  the words the Acourt will permit you to withdraw
your plea of guilty or nolo contendere@ are underlined on the admonishments
form in a paragraph initialed by appellant. This provision applied only if the
Court rejected any plea bargain agreement, and thus supports appellant=s claim that he was told he was
signing a plea agreement for probation.  Because it appears from the record
that appellant did not have the benefit of a plea agreement, the provision was
inapplicable.  In another form labeled ATrial Court=s Certification of Defendant=s Right to Appeal,@ also executed the day of the plea,
the option indicating that the case before the court Ais a plea-bargain case, and the
defendant has NO right of appeal@ was selected and then
crossed-out.    

As the
majority notes, appellant=s PSI report indicates that the State dismissed a charge
against appellant for burglary with intent to commit a felony on the same day
appellant entered his guilty plea in this case.  See Majority Opinion at
*2 n. 2.  Appellant=s PSI report also contains the following statements: 

In a brief interview with the
defendant, he advised this Officer he did not want to do this presentence
report.  He reported his attorney did not tell him the truth pertaining to
this.  He advised, his attorney told him the Judge would consider given (sic)
him probation if he plead guilty.

Before the sentencing hearing but
after he entered his plea, appellant filed three hand-written motions: (1) AMotion to Dismiss Court Appointed
Counsel and Appoint New Counsel to Act on Behalf of Defendant;@ (2) AMotion for Hybrid Representation,@ and (3) ADefendant=s Motion to have Written Rulings on
all Motions Filed by Defendant.@  In appellant=s handwritten motion to dismiss
court-appointed counsel, he Adeclar[ed] under penalty of perjury@  that his attorney was Alying to me, telling I=m signing for probation, come to find
out it was something different.@








Appellant=s attorney filed a AMotion To Have Official Court
Reporter Make a Full Record@ that included Aall pretrial hearings@ and Aall sentencing proceedings.@ However, the court reporter was not
present during appellant=s sentencing hearing.

            2.         Appellant=s AHeavy Burden@

            The Texas Code of
Criminal Procedure allows the trial court to make certain  admonishments orally
or in writing.  Tex. Crim. Proc. Code
Ann. art. 26.13(c).  The  majority therefore concludes that the
appellant was Aproperly admonished.@ See Majority Opinion at *8.[4] 
Further, because appellant signed the forms after having been Aproperly admonished,@ the majority imposes a Aheavy burden@ on appellant to prove his plea was
involuntary.  See id. at *8.   

The Fifth Circuit has held that a
defendant=s prior attestation of voluntariness at a ARule 11 hearing@Ca hearing held pursuant to Rule 11 of
the Federal Rules of Criminal ProcedureCimposes a Aheavy burden@ on the defendant to show the plea is
involuntary in a post-conviction proceeding. U.S. v. Diaz, 733 F.2d 371,
374 (5th Cir. 1984); see also Blackledge v. Allison, 431 U.S. 63, 73B74 (1977) (noting that Asolemn declarations in open court
carry a strong presumption of verity@).  Texas appellate courts appear to
have adopted








the Aheavy burden@ standard.  See Thornton v. State,
734 S.W.2d 112, 113 (Tex. App.CHouston [1st Dist.] 1987, writ ref=d) (citing Diaz, 733 F.2d at
373, 374); see also Coronado v. State, 25 S.W.3d 806, 809 (Tex. App.CWaco 2000, pet. ref=d) (citing Cantu v. State, 988
S.W.2d 481, 484 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d); Cantu, 988 S.W.2d at 484
(citing Sawyer v. State, 778 S.W.2d 541, 543 (Tex. App.CCorpus Christi 1989, writ  ref=d);  Sawyer, 778 S.W.2d at
543  (citing Thorton, 734 S.W.2d at 113).  However, unlike the Federal
Rules of Criminal Procedure, the Texas Rules do not expressly require the trial
court to admonish the defendant or inquire as to the voluntariness of a guilty
plea in an on-record hearing.  Compare Fed.
R. Crim. P. 11(b), 11(g) (providing that the trial court must address
the defendant personally in open court and on the record prior to accepting a
guilty plea), with Tex. Crim.
Proc. Code Ann. arts. 26.13, 27.13 (providing the court may admonish a
defendant in writing and not requiring a record of the plea proceeding).  Here,
where the trial court relied solely on preprinted form admonishments and failed
to conduct an on-record plea hearing, the Aheavy burden@ standard is inappropriately applied.









Moreover, the Aheavy burden@ standard arguably conflicts with a
line of cases holding that a trial court has a duty to sua sponte withdraw a
plea when there is evidence that indicates that plea was not made knowingly and
voluntarily.[5]  See
Coronado v. State, 25 S.W.3d 806, 808B09 (Tex. App.CWaco 2000, pet. ref=d) (noting the trial court must
withdraw a plea of guilty when evidence is raised that directly indicates the
plea was involuntary); Owens v. State, 836 S.W.2d 341, 344  (Tex. App.CFort Worth 1992, no writ) (per curiam)
(same). 

The Aheavy burden@ standard also conflicts with the
standard specified in the Texas Code of Criminal Procedure.  Because the
admonishments contained many discrepancies as applied to appellant, the forms
represent, at most, Asubstantial compliance@ with the Texas Code of Criminal
Procedure.  However, substantial compliance is insufficient if there is an
affirmative showing that the defendant was unaware of the consequences of his
plea and misled or harmed by the admonishments. Tex. Crim. Proc. Code Ann. art. 26.13(c); Martinez v.
State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  The Code of Criminal
Procedure does not place a Aheavy burden@ on the defendant to make this showing.  See Tex. Crim. Proc. Code Ann. art.
26.13(c); Martinez, 981 S.W.2d at 197. 

3.         Substantial Compliance
under the Texas Code of Criminal Procedure 

When written admonishments contain
numerous errors and the record affirmatively shows the defendant suffered harm,
the admonishments are not sufficient.  See Tex. Crim. Proc. Code Ann. art. 26.13(c).  Here, the State
relies solely on  written admonishments to prove that appellant=s plea was entered knowingly and
voluntarily.  The admonishments form, signed by appellant and approved by
appellant=s attorney, the State=s attorney, and the trial court, contains a provision in
which appellant waived oral admonishments.  The record does not show that the
trial court addressed appellant at any time to clarify and correct the
discrepancies contained in the written admonishments.  Further, the trial court
failed to ensure a court reporter=s presence at the sentencing
hearing.  See Tex. R. App. P. 13.1
(requiring a court reporter to record all proceedings unless excused by
agreement of the parties).  








In viewing the record as a whole, we
are thus presented with uncontroverted evidence that appellant agreed to plea
guilty because he thought he was Asigning for probation.@  Appellant=s assertions are consistent with and
supported by numerous discrepancies on the face of the forms filed the day of
his plea.  Under these circumstances, appellant has affirmatively shown that he
was misled by the trial court=s written admonishments and did not understand the
consequences of his plea.  

IV. 
Conclusion

 Because the trial court failed to
conduct a plea colloquy, the forms signed by appellant contained numerous
discrepancies, and the record reflects appellant=s uncontroverted assertions he
believed he was Asigning for probation,@ appellant=s plea was involuntary under both
state law and the federal constitution. Accordingly, I would sustain appellant=s first issue and reverse and remand
for further proceedings in the trial court.

 

 

 

/s/        Charles W. Seymore

Justice

 

 

Judgment rendered and Majority and
Dissenting Opinion filed August 10, 2006.

Panel Consists of Justices Hudson,
Frost, and Seymore. (Hudson, J., majority)

Publish C Tex.
R. App. P. 47.2(b).

 

 

 









[1]  At least thirty-two states and the District of
Columbia have adopted procedural rules explicitly requiring the trial court to
conduct an on-record plea colloquy:  Alabama, Al.
R. Crim. P. 14.4(c); Alaska, Alaska
R. Crim. P. 11(g); Arizona, Ariz.
R. Crim. P. 17.1(d); Arkansas, Ark.
R. Crim. P. 24.7; Colorado, Colo.
R. Crim. P. 10(d); Connecticut,
CT. R. Super. Ct. CR ' 39B24; Delaware, De
Super. Ct. Crim. P. Rule 11(g); District of Columbia, D.C. Super. Ct. Crim. P. Rule 11(g);
Florida, Fla. R. Crim. P. 3.170(k);
Georgia, Ga. St. Unif. Super. Ct. Rule 33.11;
Idaho, Idaho Crim. R. 11(c), Id. St. Admin. Rule 27; Illinois, Ill. St. S. Ct. Rule 402(e); Indiana, In. St. RCRP, Rule 10; Iowa, IA R. 2.8(3); Kansas, Kan. Stat. Ann. ' 22-3210(4)(b) (1995);Louisiana, La. Code Crim. Proc. Ann. art. 556.1(D)
(2003); Maine, Me. R. Crim. P.
11(c)B (f); Maryland, Md.
Rules 4-242(c); Massachusetts, Mass.
R. Crim. P. 12(a); Michigan, Mich.
Ct. R. 6.302(f); Minnesota, Mn.
Crim. P. R. 15.09; Missouri, Mo.
Criminal Procedure Rule 24.03; Nevada, e.g., Nv St. 8 Dist. Ct. Rule 1.48(i); New
Mexico, N.M. R. Dist. Ct. RCRP 5-303(H);
North Carolina, N.C. Gen. Stat. Ann.
' 15A-1026 (West 2006); North Dakota, N.D. R. Crim. P. 11(e); Pennsylvania, Pa. R. Crim. P. 590(A); South Dakota, S.D. Codified Laws ' 23A-7-15 (2006); Tennessee, Tenn. R. Crim. P. 11(g); Utah, Utah Code Ann. '
77-13-4 (1980); Vermont, Vt. R. Crim. P.
11(g); West Virginia, W.Va. R.
Crim. P. 11(g); Wyoming, Wyo. R.
Crim. P. 11(g).

 

Courts in at least eight states without explicit
procedural rules requiring an on-record colloquy have held that an on-record
plea colloquy is nonetheless required.  See State v. Vaitogi, 585 P.2d
1259, 1265 (Haw. 1978) (Aat a minimum, the court should make an affirmative showing
by an on-the-record colloquy between the court and the defendant@); Edmonds v. Com., 189 S.W.3d 558, 565 n.3
(Ky. 2006) (Afailure to conduct a Boykin hearing on the
record constitutes reversible error@); Nelson
v. State, 626 So.2d 121, 126 (Miss. 1993) (holding a standardized waiver
form and defendant=s attestation in open court that he understood the
form insufficient; rather, the court must conduct a face-to-face exchange); State
v. Arsenault, 897 A.2d 988, 992 (N.H. 2006) (reminding Atrial courts that a colloquy is constitutionally
required when a defendant pleads guilty@); King
v. State, 553 P.2d 529, 534B36 (Okla. Crim.
App.  1976) (requiring trial court=s
inquiry into the voluntariness of a defendant=s plea appear on the record); State v. Frazar, 822 A.2d 931, 935
(R.I. 2003) (holding that a trial court must conduct an on-the-record
examination of the defendant before he enters a plea); State v. Armstrong,
211 S.E.2d 889, 890 (S.C. 1975) (determining that the Aessence of Boykin was to make the requirements
of Rule 11 [of the Federal Rules of Criminal Procedure] applicable to the
states@); Wood v. Morris, 554 P.2d 1032, 1037B38 (Wash. 1976) (noting that the Washington rules
concerning pleas were modeled after Rule 11 of the Federal Rules of Criminal
Procedure and holding that the rules should be construed the same).  

 

Relevant procedural rules in the remaining
states are as follows: California, Cal.
Penal Code Ann.  ''  1016B18 (West 1985)
(providing that a guilty plea may be entered orally or in writing); Montana, Mont. Code Ann. '' 46-12-210, 46-16-105 (providing that a defendant must
enter a plea in open court but that certain statutory admonishments may be
accomplished by a written acknowledgment filed by the defendant); Nebraska, State
v. Irish, 394 N.W.2d 879, 883 (Neb. 1983) (holding in relevant part that
the trial court must examine the defendant to determine whether the defendant
understood the trial court=s admonishments
and noting that the record must establish that there is a factual basis for the
plea and the defendant was advised of the range of penalties for  the offense
charged); New Jersey, N.J. Ct. Rules R.
3:9-2, 9-3 (requiring the trial court to conduct an inquiry of the defendant
personally to determine whether the plea is voluntary and specifying that a
plea agreement must be disclosed on the record in open court); New York, N.Y. Crim. Proc. Law ' 220.50 (McKinney 2006) (providing that in felony
cases a plea must be entered by the defendant orally and in person); Ohio, Oh. Criminal Procedure Rule 11 (c), (f)
(providing that the trial court must inquire as to whether the plea was entered
voluntarily and specifying that negotiated plea agreements must be entered on
the record in open court); Oregon, Or.
Rev. Stat. Ann. '' 135 360, 135.385 (providing that a trial court must
address the defendant personally and in open court to determine whether the
plea was knowing and voluntary); Virginia, Va.
Sup. Ct. Rule 3A:8(b) (providing that a court shall not accept a plea of
guilty to a felony without first determining the plea is made voluntarily and
with an understanding of the nature of the charges and consequences of the
plea); Wisconsin, Wis. Stat. Ann.
' 971.08 & cmt. (West 1998) (providing that the
trial court shall address the defendant personally to determine whether the
plea is voluntary and commenting that the section is modeled after Rule 11 of
the Federal Rules of Criminal Procedure).





[2]  Paragraph eleven of the preprinted admonishments
form was initialed by appellant and expresses, in relevant part, that the
provisions of the form Awere explained to me in that [the English] language by
my attorney.@  Paragraph seven of the form, also initialed by
appellant, reads as follows:

 

I understand that if the Court grants me Deferred
Adjudication under Article 42.12 Sec.3d(a) V.A.C.C.P. on violation of any
condition I may be arrested and detained as provided by law.  I further
understand that I am then entitled to a hearing limited to a determination by
the Court of whether to proceed with an adjudication of guilt on the original
charge.  If the Court determines that I violated a condition of probation, no
appeal may be taken from the court=s
determination and the Court may assess my punishment within the full range of
punishment for this offense.  After adjudication of guilt, all proceedings
including the assessment of punishment and my right to appeal continue as if
adjudication of guilt had not been deferred. 

 

However, there is no section 3d(a) under Article 42.12 of the Texas
Code of Criminal Procedure.  See Tex.
Crim. Proc. Code Ann. art. 42.12 (Vernon Supp. 2005) (reserving sections
3a to3f by the notation [Blank]).





[3]  The majority suggests that appellant was properly
admonished as to deferred adjudication.  See Majority Opinion at *8. 
However, there are three different forms of probation available under article
42.12 of the Texas Code of Criminal Procedure: (1) judge ordered community
supervision; (2) deferred adjudication probation; and (3) the state boot camp
program, or Ashock@ probation.  See
Tex. Crim. Proc. Code Ann.
art. 42.12 (Vernon Supp. 2005)   The term Aprobation@is used interchangeably to refer to each form. Rodriguez
v. State, 939 S.W.2d 211, 220 (Tex. App.CAustin
1997, no pet.).  Here, because the admonishments form referenced a nonexistent
section of the Code of Criminal Procedure concerning deferred adjudication, but
a Amotion for community supervision@ was filed with the trial court, it is unclear for
which form of probation appellant was admonished.  Driving while intoxicated
with a child passenger is a state jail felony punishable under section 12.35 of
the Texas Penal Code.  Tex. Pen. Code
Ann. '' 12.35,  49.045(b).  Appellant was therefore
ineligible for judge ordered community supervision and the state boot camp
program.  See Tex. Crim. Proc.
Code Ann. art. 42.12 '' 3(e)(2),
8(e)(3).          





[4]  The admonishments specified under the Code of
Criminal Procedure are not constitutionally required.  See Aguirre-Mata,
125 S.W.3d at 475 (noting that ABoykin did not specifically set out what due process requires
to be Aspread on the record@).  By focusing solely on whether technical compliance with the Code of
Criminal Procedure was achieved, the majority perverts the due process
inquiry.  No rote recitation is sufficient in every case to satisfy due process
requirements; rather, the focus of the due process inquiry is on the particular
defendant=s understanding of the plea and its consequences.  See
id; see also  McCarthy, 394 U.S. at 467 n.20 (noting that the nature of the
plea inquiry will necessarily vary from case to case and Amatters of reality, not mere ritual should be
controlling@).  Providing a defendant with virtual copies from the
Code of Criminal Procedure does not show that the defendant has an
understanding of the law as it applies to him.  By relieving the trial court of
any responsibility to inquire as to the defendant=s understanding, the majority threatens one of the last remaining
bulwarks protecting constitutional rights against systemic pressures on a
defendant to enter a guilty plea.  A system which allows an individual to be
imprisoned solely on the basis of a signature on misleading and inaccurate
government forms is offensive to fundamental notions of justice.  The majority
not only sanctions this practice, but also effectively immunizes such
convictions from meaningful review.  Cf. McCarthy, 394 U.S. at 468
(commenting on the subjective nature of the inquiry, and noting that a
defendant will Ararely, if ever@ be
able to corroborate his own allegations that he did not understand the nature
of the charge).  





[5]  The majority states that Aa trial judge is not required to sua sponte withdraw a
defendant=s guilty plea, even if evidence is brought to the
judge=s attention making the defendant=s innocence evident.@  See Majority Opinion at *7B8. 
However, evidence that a defendant is not guilty is not necessarily also
evidence that a guilty plea was not made knowingly and voluntarily.  See
North Carolina v. Alford, 400 U.S. 25, 37B39 (1970) (declining to hold that a trial court should have rejected a
defendant=s guilty plea to a lesser-included offense because the
defendant maintained his innocence and noting that Aprohibitions against involuntary or unintelligent
pleas should not be relaxed, but neither should an exercise in arid logic
render these constitutional guarantees counterproductive and put in jeopardy
the very human values they were meant to preserve@).  

In order to ensure that a guilty plea was entered knowingly and
voluntarily, Texas courts formerly had an affirmative duty to sua sponte
withdraw a guilty plea entered before the court or jury when the evidence
reasonably and fairly raised an issue concerning the accused=s innocence.  See Griffin v. State, 703 S.W.2d
193, 196 (Tex. Crim. App. 1986); Moon v. State, 572 S.W.2d 681, 682
(1978).  In Moon,  the Court of Criminal Appeals abrogated the
requirement that a trial court sua sponte withdraw a guilty plea entered before
the court when evidence raises a question concerning the defendant=s innocence. 572 S.W.2d at 681. However, courts have
held Moon inapplicable in cases when the evidence raised directly
concerns the voluntariness of the plea.  Coronado v. State, 25 S.W.3d
806, 808B09 (Tex. App.CWaco
2000, pet. ref=d) (citing Owens v. State, 836 S.W.2d 341, 344 
(Tex. App.CFort Worth 1992, no writ) (per curiam)).