

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00103-CR

_____

NELS HOGBERG, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court No. F19-1986-367

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

Appellant Nels Henry Hogberg pleaded guilty to three counts of aggravated assault. *See generally* Tex. Penal Code Ann. § 22.02(a). His case was tried to a jury, who assessed his punishment at twelve years' confinement and a $3,000 fine on the first count and ten years' confinement and fines of $10,000 on both the second and third counts.[1] The jury recommended probation on the second and third counts. The trial court sentenced Appellant in accordance with the jury's verdicts and placed Appellant on community supervision for seven years on Count II and Count III to run concurrent with his twelve-year sentence on Count I. Appellant filed a notice of appeal.

In a single issue, Appellant claims that his "constitutional" waiver was "unintelligent" because he received an inaccurate pre-trial admonishment regarding who could grant him probation. Specifically, he complains that his counsel admonished him that only a jury could grant him probation and that counsel's admonishment was incorrect. Thus, he claims that he might have opted to have the trial court assess punishment had he known the court had the power to defer an adjudication of guilt and place him on probation. The fundamental failings in Appellant's argument are his

---

[1]Prior to voir dire, Appellant was arraigned and entered pleas of guilty to all three counts of the indictment. Then, after the jury was impaneled and sworn, the State read the indictment to the jury, *see* Tex. Code Crim. Proc. Ann. art. 36.01(a), and Appellant pleaded guilty to all three counts before the jury. The trial court instructed the jury to find Appellant guilty on all counts in accordance with his plea, which the jury did.

contention that the admonishment was flawed and that his exchange with his counsel made it apparent that he was operating under some misapprehension that should have been corrected by the trial court.

## II. Factual Background

Appellant rejected the State's plea offer of five years in prison, pleaded guilty to all of the charges against him, and elected to have a jury assess his punishment. Before entering his plea, Appellant approached the trial court bench with his trial counsel, who admonished him as to his rights and options for trial. Appellant expressed his desire to plead guilty to all three counts of the indictment and to have the jury determine his punishment:

> *[TRIAL COUNSEL]:* Okay. Is it your desire to plead guilty to the three counts of aggravated assault, deadly weapon?
>
> *THE DEFENDANT:* Yes, sir, it is my -- I apologize. It is my desire to plead guilty to all three counts of aggravated assault with a deadly weapon.
>
> *[TRIAL COUNSEL]:* And with that plea, you want to have a -- go forward with the punishment phase of the trial?
>
> *THE DEFENDANT:* Yes, sir, I do want to go forward with the punishment phase of the trial.
>
> *[TRIAL COUNSEL]:* And with this punishment phase of the trial, you also understand that you have the right to select whether the Judge or the jury assesses that punishment?
>
> *THE DEFENDANT:* Yes, sir.
>
> *[TRIAL COUNSEL]:* Okay. And from our discussions, have you been able to ask me questions about the pros and cons of going to the

Judge versus the jury?

     *THE DEFENDANT:* Yes.

     *[TRIAL COUNSEL]:* Okay. Is it your desire to have the jury determine the punishment of this case?

     *THE DEFENDANT:* I remember -- sorry to bring this up now.

     *[TRIAL COUNSEL]:* If you have questions, I would like to address them.

     *THE DEFENDANT:* I remember our talks on the previous judge, and we -- *(inaudible to court reporter)*

     *THE REPORTER:* I'm sorry. You're going to have to speak up.

     *THE DEFENDANT:* Oh, I'm sorry.

     I did understand that we did have a previous judge working on it, and then we did have a jury. And so I don't recall, you know, rethinking that.[2]

     *[TRIAL COUNSEL]:* Okay. Just to go into some of our conversation, you do recall that only the jury in this situation can grant you probation?

     *THE DEFENDANT:* Okay.

     *[TRIAL COUNSEL]:* All right. And so going to the Judge would essentially be asking the Judge what the prison sentence should be, correct?

     *THE DEFENDANT:* Yes, sir.

---

[2]The record shows that this case was transferred from the 462nd Judicial District Court to the 367th Judicial District Court on July 10, 2019, and then transferred back to the 462nd Judicial District Court on January 15, 2021. Both transfer orders were signed by the judges of each court. From this, we may glean that Appellant was considering entering an open plea of guilty to the judge of the 367th District Court but then changed his mind when he learned that his case would be heard by the 462nd District Court.

*[TRIAL COUNSEL]:* With that knowledge, is it your desire to allow the jury to review the evidence of the case and the jury to determine the punishment in this case?

*THE DEFENDANT:* Yes, sir. It is my request to have the jury observe the punishment and the evidence in this case.

In closing arguments, Appellant explicitly asked the jury to sentence him to ten years in prison and to probate that sentence, while the State urged the jury to sentence him to ten years or longer in prison and to not recommend probation. The jury ultimately chose a middle ground, assessing Appellant's punishment at twelve years in prison (and a $3,000 fine) for the aggravated assault in Count I and ten years in prison (and a $10,000 fine) for each of the aggravated assaults in Counts II and III, with a recommendation that the fines and penitentiary time for the latter two counts be probated. The trial court followed the jury's recommendation and placed Appellant on probation for seven years on the latter counts, after sentencing him in accordance with the jury's verdict on the first count.

### III. Analysis

**A.    We set forth the standard of review.**

The defendant in a noncapital case may waive any rights secured to him by law. Tex. Code Crim. Proc. Ann. art. 1.14(a). A waiver must be made voluntarily, knowingly, and intelligently to be valid. *Ex parte Delaney*, 207 S.W.3d 794, 796–97 (Tex. Crim. App. 2006). A defendant may assert on appeal that the trial court failed to properly admonish him, despite not having made the claim in the trial court. *Bessey v. State*, 239 S.W.3d 809,

5

813 (Tex. Crim. App. 2007). The standard for our review is whether his waiver "represents a voluntary and intelligent choice among the alternative courses of action open to the appellant." *See Owens v. State*, 836 S.W.2d 341, 344 (Tex. App.—Fort Worth 1992, no pet.) (per curiam).

**B. Because the trial court did not erroneously admonish Appellant, and the record does not show that Appellant was misled by the admonishments he received from counsel or that he was operating under any apparent misapprehension, there is no reversible error in the trial court's judgments.[3]**

Appellant's arguments are not well-articulated in his brief. He states the issue presented as "[w]hether inaccurate pre-trial admonishments regarding probation eligibility rendered Appellant's constitutional waivers unintelligent." For his argument, he claims that he received incomplete pre-trial admonishments and that the allegedly flawed admonishments influenced his trial strategy. Had he been admonished that he could plead guilty and ask the trial court to defer a finding of guilt and place him on probation, Appellant contends, he might have elected that option.

We note at the outset that Appellant is not challenging the validity of his guilty plea. Rather, Appellant seems to base his appeal on the argument that, had he been timely admonished that the trial court could defer a finding of guilt and place him on deferred adjudication community supervision upon his plea of guilty, then he would

---

[3]Although this was one case, indicted and tried under one cause number, the trial court issued one Judgment of Conviction by Jury for Count I and a separate Judgment of Conviction by Jury for Counts II and III. We will refer to the trial court's "judgments" in this case collectively.

6

still have pleaded guilty but would have waived his right to trial by jury and sought deferred adjudication from the trial court. In other words, nowhere does Appellant claim that his guilty plea was not knowingly, intelligently, and voluntarily made,[4] but he asks us to reverse his convictions and sentences because his election to have the jury assess his punishment—and not plead guilty to the judge in the hope of receiving deferred adjudication—was not made knowingly, intelligently, and voluntarily.

Appellant contends that he was told—allegedly incorrectly—that only a jury could grant him community supervision. Thus, he argues:

> Had he been admonished that he could plead guilty and ask the trial court to defer a finding of guilt and place him on probation, then he may have elected that option. Since his pre-trial admonishments were incomplete and inaccurate it cannot be said that his waivers and elections were intelligent and voluntary.

If we understand Appellant's argument, then the flawed admonishment that he received was that "only the jury *in this situation*" could grant probation. Because of Appellant's use of a deadly weapon in the commission of the offense, his counsel's statement was true. Subject to eligibility limitations, after the defendant's conviction or a plea of guilty or nolo contendere, a judge may, in the best interest of justice, the public, and the defendant, place the defendant on community supervision. Tex. Code Crim. Proc. Ann. art. 42A.053(a), (c). However, the trial court's power to grant a defendant probation does not apply when it is shown that the defendant used or exhibited a deadly

---

[4]For this reason, the case law cited by Appellant and the State addressing the voluntariness of guilty pleas, while informative, is not directly on point.

weapon during the commission of a felony offense. *Id.* art. 42A.054(b). But this limitation applies only to judge-ordered community supervision, not to jury-recommended community supervision. *See id.*; arts. 42A.055 (providing for jury-recommended community supervision), 42A.056 (listing limits on jury-recommended community supervision). The indictment—to which Appellant pleaded guilty—charged, and the evidence adduced at trial showed, that Appellant used and exhibited a deadly weapon (his car) in the commission of all three offenses. Therefore, the jury but not the judge could grant Appellant community supervision in this case.

And, even if Appellant had wanted to waive a jury, the record does not show that he would have been able to do so. A defendant in a criminal prosecution in which the State is not seeking the death penalty has the right, upon entering a plea, to waive the right of trial by jury; however, if the defendant is not already confined in a penal institution, then his waiver must be made in person, in writing, and in open court with the consent and approval of the court and the attorney representing the State. *Id.* art. 1.13(a). The consent and approval by the court shall be entered on the record, and the consent and approval of the attorney representing the State shall be in writing, signed by that attorney, and filed in the papers of the cause before the defendant enters his plea. *Id.* That procedure was not followed in this case. Therefore, we may infer from the record that the trial court and the attorney representing the State did not both consent to and approve of Appellant waiving his right to trial by jury and seeking deferred adjudication from the trial court. And, absent the consent of the State as prescribed by

8

this statute, the trial court had no discretion to grant Appellant deferred adjudication community supervision or to resolve the issue of his guilt in any manner other than by a jury trial. *State ex rel. Mau v. Third Court of Appeals*, 560 S.W.3d 640, 646 (Tex. Crim. App. 2018) (orig. proceeding).

In essence, Appellant does not challenge the fact that the trial judge could not grant him "probation" or that the literal statement by his counsel was correct. Instead, his argument is that the trial court should have intervened and given him additional admonishments about his decision not to waive a jury by immediately gleaning that he misunderstood his options based on the brief exchange between Appellant and his counsel, an exchange that only portrayed a portion of their prior discussions.

Initially, and to elaborate on a point that we have already made, if Appellant had decided that he had a better chance of getting probation from a jury, and thus did not want to waive the jury, then the trial court could not grant him the option that he contends he was deprived of the opportunity to consider—deferred adjudication community supervision. Article 42A.101 provides that a judge "may, after receiving a plea of guilty or nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision," if in the

judge's opinion the best interest of society and the defendant will be served.[5] Tex. Code Crim. Proc. Ann. art. 42A.101(a). By its very terms, the statutory option authorizing deferred adjudication is limited to defendants who plead guilty or nolo contendere before the trial court *after waiving trial by jury*. *Mau*, 560 S.W.3d at 647. Here, Appellant pleaded guilty before the trial court but reserved—and exercised—his right to trial by jury on punishment. Thus, because Appellant never effectively waived that right, the trial court's discretionary authority to defer his adjudication and place him on deferred adjudication community supervision was never triggered.

Beyond this, we reject Appellant's argument that the exchange with his counsel should have in some way triggered additional admonishments by the trial judge. Essentially, Appellant's argument is that his exchange with his counsel evidenced that he was operating under a fundamental misunderstanding—that because his counsel had told him that only the jury could give him probation, he misunderstood that he might be eligible to receive deferred adjudication community supervision from the court if he waived a jury.

As a general proposition, the trial court has no duty to admonish a defendant about his eligibility for community supervision. *Ex parte Williams*, 704 S.W.2d 773, 775 (Tex. Crim. App. 1986). And the Eastland Court of Appeals has rejected an argument by a

---

[5]The statute carves out specified exceptions, none of which apply in Appellant's case, to a criminal defendant's eligibility for deferred adjudication community supervision. *See* Tex. Code Crim. Proc. Ann. arts. 42A.101, .102.

defendant who claimed that the trial court had a duty to intervene and give admonishments on community supervision to correct the defendant's misapprehension:

> Appellant argues, however, that the trial court allowed others to provide him with inaccurate information about community supervision and that that imposed a duty on the trial court to intervene by providing him with accurate information. Appellant cites no authority for the proposition that another person's misrepresentation about community supervision imposes a duty on the trial court to provide accurate information, and our own research has discovered none. In the absence of authority imposing such a duty on the trial court to correct a misstatement about the availability of community supervision sua sponte, we conclude that the trial court did not err in failing to admonish appellant.

*Bailey v. State*, No. 11-07-00361-CR, 2009 WL 626075, at *3 (Tex. App.—Eastland March 12, 2009, no pet.) (mem. op., not designated for publication).

Even if we assumed that the duty to correct a misapprehension existed, we would still reject Appellant's argument that is predicated on the argument that the statements made by his counsel should have triggered additional admonishments. His argument, which we quote, is predicated on the principle that a trial court should admonish a defendant on probation when it is apparent that the defendant is operating under a misapprehension about probation eligibility:

> Reversible error exists where a trial court improperly admonishes a defendant as to probation when that defendant is ineligible[,] and it is apparent from the record that the defendant is seeking probation. *Harrison v. State*, 688 S.W.2d 497 (Tex. Crim. App. 1985). Additionally, the trial court is obligated to properly admonish a defendant as to his ineligibility for probation when it becomes apparent to the trial court that the defendant incorrectly believes himself to be eligible. [*See*] *Murphy v. State*, 663 S.W.2d 604 (Tex. App.—Houston [1st Dist.] 1983, no pet.); *Ramirez v. State*, 655 S.W.2d 319 (Tex. App.—Corpus Christi[–Edinburg] 1983, no pet.).

The First Court of Appeals has discussed a similar argument to Appellant's and described the standard as follows when dealing with admonishments and community supervision:

> As a general proposition, a trial court has no duty to admonish a defendant regarding the availability of community supervision. *Harrison . . .*, 688 S.W.2d [at] 499 . . . ; *Shields v. State*, 608 S.W.2d 924, 927 (Tex. Crim. App. [[Panel Op.]] 1980). However, a trial court errs if it improperly admonishes a defendant regarding community supervision when a defendant is ineligible and it is apparent from the record that the defendant is seeking community supervision. *Harrison*, 688 S.W.2d at 499; *see Ramirez . . .*, 655 S.W.2d [at] 320 . . . .

*Valdez v. State*, No. 01-00-01217-CR, 2002 WL 396530, at *4 (Tex. App.—Houston [1st Dist.] Mar. 14, 2002, no pet.) (not designated for publication); *see also Villarreal v. State*, No. 13-09-00187-CR, 2010 WL 2011523, at *1 (Tex. App.—Corpus Christi–Edinburg May 20, 2010, no pet.) (mem. op., not designated for publication) (same).

In essence, Appellant's argument is that it should have been apparent to the trial court that Appellant wanted deferred adjudication, he had been misinformed by his counsel about whether waiver of his right to a jury impacted that decision, and the trial court thus had a duty to correct that misimpression. Again, the statement that counsel made was correct. Further, Appellant cites nothing from the record indicating that deferred adjudication was a possibility for him. If the standard is that the trial court duty arises from an *apparent* misapprehension on the part of the defendant, then that standard is not met here. We hold that the trial court had no duty to admonish Appellant that the court could defer a finding of guilt upon Appellant's plea of guilty

12

and place him on deferred adjudication community supervision.

Finally, the State has responded to Appellant's brief as though Appellant has argued ineffective assistance of counsel. We do not interpret any of Appellant's arguments as claiming ineffective assistance of counsel. Appellant has not argued that he was deprived of his Sixth Amendment right to counsel, nor does he cite the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Because Appellant has not raised the issue of ineffective assistance of counsel in this appeal, we need not address it in our opinion. *See* Tex. R. App. P. 47.1.

## IV. Conclusion

Because of the nature of his offense, in particular, and without showing that he could have waived a jury, in general, Appellant cannot challenge his counsel's admonishment that the trial court could not grant probation because counsel's statement was correct. *See* Tex. Code Crim. Proc. Ann. arts. 42A.054–.056. Nor was it apparent that Appellant was operating under a misapprehension that the trial court should have corrected by an additional admonishment. Having overruled Appellant's sole issue, we affirm the trial court's judgments.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 15, 2022

13