**Due VU, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–98–565–CR, 2–98–566–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 7, 1999.

Raymond Jobe, Dallas, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, Asst. Dist. Attys., Fort Worth, for appellee.

Before DAY, LIVINGSTON, and DAUPHINOT, JJ.

## OPINION

PER CURIAM.

Appellant Due Vu attempts to appeal from two orders placing him on ten years' deferred adjudication community supervision. Because his notices of appeal are untimely, we dismiss the appeals for want of jurisdiction.

On June 20, 1997, appellant pleaded nolo contendere to two counts of sexual assault of a child under 17 without benefit of a plea-bargain agreement. The trial court sentenced him to ten years' deferred adjudication community supervision. On September 25, 1998, appellant filed a motion to withdraw his plea in one of the sexual assault counts because it was involuntary. On October 14, the trial court denied the motion. On November 12, appellant filed a motion for new trial in both cases. That same day, appellant filed his notices of appeal.

We informed appellant that we did not believe we had jurisdiction over these appeals. He responded that he was challenging an "appealable order"—the denial of his

motion to withdraw his plea—and, thus, timely filed his notices of appeal within 30 days after the trial court's October 14 denial.

██ Deferred adjudication orders are appealable, and appellant could appeal once he was placed on deferred adjudication community supervision. *See Watson v. State,* 924 S.W.2d 711, 714 (Tex.Crim.App.1996); *Hancock v. State,* 756 S.W.2d 447, 449 (Tex. App.—Fort Worth 1988, no pet.). The time for perfecting an appeal, where a timely motion for new trial is filed,[1] is 90 days after the trial court imposes sentence. *See* TEX.R.APP. P. 26.2(a)(2). If no timely motion for new trial is filed, an appellant only has 30 days after the trial court imposes sentence or enters an appealable order to file a notice of appeal. *See id.* 26.2(a)(1). A motion for new trial must be filed within 30 days after sentence is imposed. *See id.* 21.4.

██ Appellant filed untimely motions for new trial on September 25, 1998 and November 12, 1998. Thus, appellant's right to appeal from the effects of his nolo contendere plea arose on June 20, 1997 and expired on July 21, 1997. He did not file his notices of appeal until November 12, 1998. Appellant has not timely filed a notice of appeal from the June 20, 1997 orders deferring adjudication. Accordingly, we have no jurisdiction over these appeals and we dismiss.

---

1. For purposes of this appeal, we are treating appellant's motion to withdraw his plea as a motion for new trial.