Michael CORONADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–98–188–CR

Court of Appeals of Texas,
Waco.

July 26, 2000.

Verna Victoria Langham, New Braunfels, for appellant.

Susan D. Reed, Crim. Dist. Atty., Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

Michael Coronado pleaded guilty to the offense of murder, without the benefit of a plea recommendation from the State, and the court assessed his punishment at imprisonment for life. *See* TEX. PEN.CODE ANN. § 19.02(b)(1) (Vernon 1994). Coronado argues in two points that: (1) the court abused its discretion by refusing to allow him to withdraw his guilty plea because it was involuntary due to coercion; and (2) his guilty plea was involuntary because it was based on inaccurate information.

## BACKGROUND

The court provided Coronado a document entitled "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions." This form contains the admonishments then required by article 26.13(a) of the Code of Criminal Procedure. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 8(a), 1985 Tex. Gen. Laws 2472, 2473 (amended 1999); Act of May 24, 1985, 69th Leg., R.S., ch. 671, § 1, 1985 Tex. Gen. Laws 2443, 2444 (amended 1985) (current version at TEX.CODE CRIM. PROC. ANN. 26.13(a) (Vernon Supp.2000)).[1] Coronado signed the document, attesting that he understood the admonishments. TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon 1989). By signing this document, Coronado also waived formal arraignment, the reading of the indictment, and his right to trial by jury. Before receiving Coronado's plea, the court orally reviewed with Coronado each of the admonishments required by article 26.13 and each of the rights he was waiving. Coronado stated affirmative-

---

1. The Legislature amended article 26.13(a) twice in 1985. In chapter 671, the Legislature added subdivision (4) regarding deportation consequences to the list of required admonishments. *See* Act of May 24, 1985, 69th Leg., R.S., ch. 671, § 1, 1985 Tex. Gen. Laws 2443, 2444. Three days later, the Legislature enacted chapter 685, in which it amended subdivision (2) by deleting a phrase relating to the use of a withdrawn plea against the defendant in a subsequent proceeding. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 8(a), 1985 Tex. Gen. Laws 2472, 2473. The Legislature amended the statute in 1999 by adding subdivision (5), which requires a trial court to admonish a defendant of the sex offender registration requirements of chapter 62 of the Code of Criminal Procedure. *See* Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 1, 1999 Tex. Gen. Laws 4831, 4831–32.

ly that he understood each of the admonishments and rights and was waiving them freely, voluntarily and without coercion.

The indictment alleges that Coronado committed capital murder by killing two persons during the same criminal transaction. Coronado pleaded guilty to the lesser-included offense of murder, admitting only that he had murdered one of the alleged victims. The court accepted his plea and found him guilty. The parties informed the court that there was no punishment recommendation. The court again reminded Coronado of the range of punishment attached to the offense (*i.e.*, 5 to 99 years or life). Coronado reaffirmed that he understood the punishment range. The court indicated that it would order a presentence investigation ("PSI") and adjourned the proceedings.

Nine days later, the court called Coronado's case for the punishment hearing. First however, the court heard a motion Coronado had filed requesting permission to withdraw his guilty plea. Coronado testified that he persisted in claiming his innocence during his interview by the community supervision officer conducting the PSI, that his three children and he had been threatened if he cooperated with the State, and that his common-law wife pressured him to plead guilty because of these threats. He asked the court to permit him to withdraw his plea. The court denied the motion and, after hearing argument of counsel, sentenced Coronado to imprisonment for life.

Three weeks after sentencing, Coronado filed a second motion to withdraw his plea. In this motion, he alleges trial counsel "werent [sic] fair and honest with [him], and failed to provide him with any documents for his plea of guilty and didi [sic] not warn him of the dangers of his plea bargain [sic]" and that counsel had "assured" him when he entered his plea "that he would not be given any time over *40 yrs.*"

## WITHDRAWAL OF PLEA

Coronado contends in his first point that the court abused its discretion by denying his first motion to withdraw his plea. The State urges us to apply the rationale of *Moon v. State*, in which the Court of Criminal Appeals held that a trial court has no duty to *sua sponte* withdraw a guilty plea made to the court without a jury when the evidence raises an issue concerning the innocence of the defendant. 572 S.W.2d 681, 682 (Tex.Crim.App.1978) (op. on reh'g). The State replies in the alternative that the court acted within its discretion by denying Coronado's request to withdraw his guilty plea.

### APPLICABLE LAW

For decades, the Court of Criminal Appeals held that a trial court had an affirmative duty to *sua sponte* withdraw a guilty plea entered before the court or a jury when the evidence raised a question concerning the innocence of the defendant. *See, e.g., Woodberry v. State*, 547 S.W.2d 629, 630–31 (Tex.Crim.App.1977) (plea to jury); *Sanchez v. State*, 543 S.W.2d 132, 133–34 (Tex.Crim.App.1976) (plea to court); *Burks v. State*, 145 Tex.Crim. 15, 22, 165 S.W.2d 460, 464 (1942) (court); *Harris v. State*, 76 Tex.Crim. 126, 131, 172 S.W. 975, 977 (1915) (jury).

In *Moon*, the Court held that this requirement no longer applies to pleas before the court. *Moon*, 572 S.W.2d at 682. The Court stated:

> There now seems to be no valid reason for the court to withdraw the guilty plea and enter a plea of not guilty for the defendant when the defendant enters a plea of guilty before the court after waiving a jury. It is the duty of the trial court to consider the evidence submitted and as the trier of the facts the court may find the appellant guilty of a lesser offense and assess the appropriate punishment or it may find the defendant not guilty. It would serve no purpose to withdraw the plea of guilty and enter a not guilty plea. Those cases in

which this Court has reached a different result are overruled to the extent they conflict with the opinion in this case. *Id.*

■ The rule of *Moon* appears to remain in force. *See, e.g., Beasley v. State,* 634 S.W.2d 320, 321 n. 1 (Tex.Crim.App. [Panel Op.] 1982); *Solis v. State,* 945 S.W.2d 300, 302–03 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd); *Hinkle v. State,* 934 S.W.2d 146, 148–49 (Tex.App.—San Antonio 1996, pet. ref'd); *Graves v. State,* 803 S.W.2d 342, 346 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). However, *Moon* applies only to a trial court's duty to *sua sponte* withdraw a guilty plea. *See Moon,* 572 S.W.2d at 682 (discussing trial court's duty to withdraw plea "on its own motion"). It does not apply in cases where the defendant files and presents a motion to withdraw his plea. *See Gottson v. State,* 940 S.W.2d 181, 186–87 (Tex.App.—San Antonio 1996, pet. ref'd); *see also Payne v. State,* 790 S.W.2d 649, 652 (Tex.Crim.App.1990); *but cf. Hernandez v. State,* 885 S.W.2d 597, 602 (Tex.App.—El Paso 1994, no pet.); *Hayden v. State,* 818 S.W.2d 194, 197 (Tex. App.—Corpus Christi 1991, no pet.) (latter two decisions both applying *Moon* to denial of defendant's motion to withdraw plea). In addition, *Moon* does not apply when a defendant challenges the voluntariness of his plea. *See Owens v. State,* 836 S.W.2d 341, 344 (Tex.App.—Fort Worth 1992, no pet.) (per curiam).

■ Generally, an accused may withdraw his plea at any time before judgment is pronounced or his case is taken under advisement by the court. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App. [Panel Op.] 1979); *Watson v. State,* 974 S.W.2d 763, 765 (Tex.App.—San Antonio 1998, pet. ref'd). Once the case has been taken under advisement for a PSI however, the decision to allow withdrawal of the plea rests in the court's sound discretion. *Id.* Abuse of that discretion is shown only when "the trial court's ruling lies outside the 'zone of reasonable disagreement.'"

*Watson,* 974 S.W.2d at 765 (quoting *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim.App.1991) (op. on reh'g)).

■ Settled case law requires that an accused's guilty plea be made voluntarily. *Brady v. United States,* 397 U.S. 742, 753, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 (1970); *Flowers v. State,* 935 S.W.2d 131, 133 (Tex. Crim.App.1996); *Valle v. State,* 963 S.W.2d 904, 909 (Tex.App.—Texarkana 1998, pet. ref'd); *see also* Tex.Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989). A plea coerced by threat or force is involuntary. *See Brady,* 397 U.S. at 755, 90 S.Ct. at 1472; *Ex parte Williams,* 704 S.W.2d 773, 781 (Tex.Crim.App.1986).

■ When considering the voluntariness of a guilty plea, we must examine the entire record. *Martinez v. State,* 981 S.W.2d 195, 197 (Tex.Crim.App.1998) (per curiam). A defendant who attests during the initial plea hearing that his plea is voluntary bears a "heavy burden" to prove in a subsequent hearing that he entered the plea involuntarily. *Cantu v. State,* 988 S.W.2d 481, 484 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd); *Valle,* 963 S.W.2d at 909; *Anderson v. State,* 930 S.W.2d 179, 182 (Tex.App.—Fort Worth 1996, pet. ref'd); *Jones v. State,* 855 S.W.2d 82, 84 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

### Analysis

In his initial plea hearing, Coronado signed the court's admonishment form in which he attested that he had "not been threatened, coerced or placed in fear by any person to induce [him] to enter [his] plea." His trial counsel signed the document indicating his belief that Coronado was entering his plea "voluntarily." Coronado and his counsel also signed a separate waiver form by which he "knowingly and voluntarily" waived his right to cross-examine the witnesses against him and stipulated that the State's evidence "is true and correct."

Upon receiving Coronado's plea papers, the court orally reviewed with Coronado each of the admonitions required by article 26.13 of the Code of Criminal Procedure and each of the rights he was waiving. The court asked him, "Has anyone forced you to give up any of these rights?" Coronado replied, "No, sir." Moments later, the following colloquy occurred:

> THE COURT: Has anyone forced you to plead guilty?
>
> CORONADO: No, sir.
>
> THE COURT: You're doing this of your own free will?
>
> CORONADO: Yes, sir.
>
> THE COURT: Then I'm going to find his plea is voluntarily made.

The State then offered its evidence, and the court found Coronado guilty, then ordered the PSI.

At the hearing on Coronado's first motion to withdraw his plea, Coronado testified that he had persisted in claiming his innocence, that his family and he had been threatened not to cooperate with the State, and that his wife had pressured him to plead guilty because of these threats. On cross-examination, Coronado conceded that he is a previously-convicted felon.

The court denied Coronado's motion. During summations before pronouncement of sentence, Coronado's counsel again reminded the court of Coronado's assertion of innocence. According to counsel, Coronado had "throughout the entire process, since I've been on the case, [ ] maintained his innocence." Counsel also questioned the veracity of the State's witnesses and asked the court to consider a forty-year sentence, which counsel stated the State had offered in initial plea negotiations.

■ The court was the sole judge of the credibility of Coronado's testimony and could accept or reject all of it or any part of it. *Flanagan v. State*, 675 S.W.2d 734, 746 (Tex.Crim.App.1984) (op. on reh'g); *Sawyer v. State*, 778 S.W.2d 541, 544 (Tex. App.—Corpus Christi 1989, pet. ref'd). Considering Coronado's status as a con-

victed felon and his failure to offer any evidence to corroborate his allegations of coercion, we cannot say the court abused its discretion in denying the motion to withdraw his plea. *See Jackson*, 590 S.W.2d at 515; *Watson*, 974 S.W.2d at 765; *Sawyer*, 778 S.W.2d at 544. Accordingly, we overrule Coronado's first point.

## SECOND MOTION TO WITHDRAW GUILTY PLEA

■ Coronado avers in his second point that his plea was involuntary because he pleaded guilty based on his trial counsel's assurance that his sentence would not exceed forty years. Coronado made this argument for the first time at the trial court level in the second motion to withdraw his plea. However, Coronado never presented this motion to the trial court for review.

■ To properly preserve a complaint for appellate review, Rule of Appellate Procedure 33.1(a)(1) requires that the complaint be first "made to the trial court by a timely request, objection, or motion." Tex.R.App. P. 33.1(a)(1); *Gonzalez v. State*, 994 S.W.2d 369, 372–73 (Tex.App.—Waco 1999, no pet.). If a motion for new trial is the vehicle by which a party presents his complaint to the trial court, the party must "present" the motion to the court. Tex. R.App. P. 21.6; *Gonzalez*, 994 S.W.2d at 373. This requirement is satisfied when the movant "actually deliver[s] the motion for new trial to the trial court or otherwise bring[s] the motion to the attention or actual notice of the trial court." *Carranza v. State*, 960 S.W.2d 76, 79 (Tex.Crim.App. 1998).

■ A motion to withdraw a guilty plea is the equivalent of a motion for new trial. *See State v. Evans*, 843 S.W.2d 576, 577 (Tex.Crim.App.1992); *Due Vu v. State*, 985 S.W.2d 613, 614 n. 1 (Tex.App.—Fort Worth 1999, no pet.) (per curiam); *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd). Thus, we conclude that the presentment

requirement of Rule 21.6 applies equally to a motion to withdraw a guilty plea.

Coronado never presented the second motion to withdraw his guilty plea to the trial court. Thus, he did not preserve the issues raised therein for appellate review. *See Gonzalez,* 994 S.W.2d at 373–74; *Gonzales v. State,* 963 S.W.2d 844, 846–47 (Tex. App.—San Antonio 1998, no pet.). Accordingly, we overrule his second point.

We affirm the judgment.

Justice VANCE dissenting.

BILL VANCE, Justice, dissenting.

I accept the majority's statement of the events that transpired in connection with Coronado's plea proceedings. I disagree with the conclusion that the court did not abuse its discretion in denying his first motion to withdraw his plea, filed nine days after he pled guilty.

Although he was impeached with a prior conviction for an unspecified offense, Coronado's testimony that he had maintained his innocence throughout the proceedings, that he had been pressured by his wife to plead guilty, and that when he pled guilty he acted out of fear for the safety of his children was uncontroverted. Based on that testimony and the prompt filing of the motion to withdraw the plea, I believe that the court's refusal to allow him to withdraw his plea of guilty was outside the "zone of reasonable disagreement." *See Rivera v. State,* 952 S.W.2d 34, 36 (Tex. App.—San Antonio 1997, no pet.) (citing *DuBose v. State,* 915 S.W.2d 493, 496–97 (Tex.Crim.App.1996)).