In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-463 CR


NO. 09-02-464 CR


NO. 09-02-465 CR


____________________



EDUARDO RODRIGUEZ GARCIA, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Cause Nos. 81814, 82327, and 83849






O P I N I O N


 Appellant Eduardo Rodriguez Garcia pleaded guilty to two counts of delivery and
one count of possession of a controlled substance (cause nos. 82327, 83849, and 81814). 
In each case, the trial court assessed a punishment of twenty years, to run concurrently,
in the Texas Department of Criminal Justice - Institutional Division.

 Appellate counsel filed briefs concluding there is no arguable error to present on
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Garcia then filed pro se
briefs raising identical issues in each of his three appeals. We consider his issues in this
consolidated appeal. 

 Garcia contends his trial counsel was ineffective in the following respects: opposing
Garcia's desire to withdraw his guilty plea; failing to file certain pre-trial motions (motions
relating to discovery, limine, and search and seizure); and failing to keep him informed
about his case. To prevail on a claim of ineffective assistance of counsel, Garcia must
establish that his attorney's performance fell below an objective standard of reasonableness
and that there is a reasonable probability the result of the proceeding would have been
different but for counsel's deficient performance. Strickland v. Washington, 466 U.S. 668,
693-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001). An appellate court's review of defense counsel's representation
is highly deferential and presumes that counsel's actions fell within a wide range of
reasonable professional assistance. Id. at 63. Generally, trial counsel's conduct is
presumed reasonable when the record is silent on the motivations underlying counsel's
tactical decisions. Id. Allegations of ineffectiveness must be firmly founded in the record,
and the record must affirmatively demonstrate the alleged ineffectiveness. Id. "In the
majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect
the motives behind trial counsel's actions." Id. (citing Thompson v. State, 9 S.W.3d at
813-14 (Tex. Crim. App. 1999)). 

 Trial counsel informed the court during the sentencing hearing that Garcia first
expressed a desire to withdraw his guilty pleas while in the holding cell just prior to the
hearing. Addressing the court through an interpreter, Garcia explained he wanted to
withdraw his guilty plea because the police arrested his wife as a result of the charges
against him. Apparently, he believed that if he pleaded guilty, his wife would not be
prosecuted. However, there is nothing in the record to substantiate the claim or to explain
the reasons for Garcia's belief. The trial judge explained to Garcia that the cases before
the court concerned Garcia, not his wife, and then denied the request to withdraw the
pleas. Garcia's guilty plea at the initial plea hearing was voluntary, as we explain in issue
two below, and the trial court had discretion to refuse to allow the withdrawal of the guilty
plea at the sentencing hearing in this case. Garcia has not shown that the outcome would
have been different but for his counsel's actions. 

 Garcia also claims his trial counsel was ineffective for failing to file certain pre-trial motions. Failure to file pre-trial motions is not ineffective assistance per se. Ryan
v. State, 937 S.W.2d 93, 104 (Tex. App.--Beaumont 1996, pet. ref'd). Garcia fails to
identify a basis in the record for these motions, what benefit they would have had, or how
results would have been different had they been filed. See id. Garcia also claims trial
counsel failed to keep him informed about his case; however, there is no support in the
record for his claim, and no motion for new trial was filed bringing forth evidence to that
effect. Appellant has not shown his trial counsel's performance fell below an objective
standard of reasonableness. Issue one is overruled. 

 In issue two, Garcia argues his guilty plea was involuntary for the following
reasons: he pleaded guilty because he was promised his wife would not be arrested; his
plea was coerced, and the trial judge should have allowed him to withdraw his plea; and
he is from Cuba and does not understand the English language. In reviewing the
voluntariness of the guilty plea, we weigh the totality of the circumstances and examine
the record as a whole. See Singleton v. State, 986 S.W.2d 645, 651 (Tex. App.--El Paso
1998, pet. ref'd).

 If a defendant attests during the initial plea hearing that his plea is voluntary, he
bears a "heavy burden" to prove in a subsequent hearing that he entered the plea
involuntarily. Coronado v. State, 25 S.W.3d 806, 809 (Tex. App.--Waco 2000, pet.
ref'd). At the plea hearing, the trial judge (through the interpreter) asked if Garcia fully 
understood "everything" he had signed that day with his attorney. Garcia responded
"Yes." The plea papers, containing Article 26.13 admonishments and Garcia's express
admission of guilt, were signed by Garcia, his trial attorney, the prosecutor, and the trial
judge, and were admitted into evidence at the plea hearing. See Tex. Code Crim. Proc.
Ann. art. 26.13 (Vernon 1989 & Supp. 2003). Garcia pleaded guilty in each case. The
trial judge asked Garcia if he actually committed each offense, and Garcia replied "Yes."
After accepting Garcia's guilty pleas, the trial judge stated that the facts justified a
"verdict of guilt in each case," but no decision would be made until the court received an
"updated report in all of [Garcia's] cases." No mention was made at the plea hearing of
any agreement between the State and Garcia regarding Garcia's wife, and the record does
not contain such an agreement.

 Garcia claims he should have been allowed to withdraw his guilty plea, because the
plea was coerced. Generally, a defendant may withdraw his plea at any time before the
trial court pronounces judgment or takes the case under advisement. Coronado v. State,
25 S.W.3d at 809. However, once the case has been taken under advisement for a PSI
report, the decision to allow the defendant to withdraw his plea rests in the trial court's
sound discretion. Id. In that circumstance, the trial judge abuses his discretion only when
his ruling lies outside the zone of reasonable disagreement. Watson v. State, 974 S.W.2d
763, 765 (Tex. App.--San Antonio 1998, pet. ref'd) (citing Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)). 

 The trial court accepted Garcia's guilty pleas in the original plea hearing and then
took the case under advisement until the trial judge received the updated reports on
Garcia's cases. Accordingly, the trial court had discretion in deciding whether to permit
Garcia to withdraw his plea. See DeVary v. State, 615 S.W.2d 739, 740 (Tex. Crim. App.
1981). At the sentencing hearing, Garcia asked to withdraw his guilty pleas because of his
wife's arrest; he never claimed he was innocent of the offenses. The trial judge explained
that the charges before the court were about Garcia, not Garcia's wife. Garcia's claim on
appeal that he was coerced into pleading guilty by the State's agreement to refrain from
prosecuting his wife is not supported by the record. No document or testimony in the
record supports his claim; and no motion for new trial was filed providing any evidence
to support his claim of coercion or the existence of such an agreement. The trial judge did
not abuse his discretion in refusing to allow appellant to withdraw his plea. 

 Garcia also claims he did not understand the proceedings, because he is from Cuba
and his knowledge of English is extremely limited. An interpreter was present at each
hearing, and translations were made for Garcia's benefit. Garcia answered questions
posed to him by the trial judge through the interpreter. The trial judge told Garcia what
offense each indictment alleged and asked if Garcia pleaded guilty or not guilty to each
offense. After each inquiry, Garcia responded "yes." The trial judge also asked whether
Garcia understood the papers he had signed, whether he was pleading guilty of his own
free will, and whether he actually committed each offense. Garcia responded "yes" to
each question. There is nothing in the hearings indicating Garcia did not understand the
procedures, and he did not file a motion for new trial with supporting affidavits raising the
issue. We conclude Garcia's plea was voluntary and overrule issue two. 

 In his final issue, Garcia argues the trial court failed to properly admonish him
regarding deportation. During the plea hearing, the trial judge did not orally inform
Garcia of the deportation consequences associated with his guilty plea. However, Garcia,
his trial counsel, the prosecutor, and the trial judge all signed the written admonishments
containing the deportation warning. At the plea hearing, Garcia indicated he understood
the papers (written admonishments) he had signed. Article 26.13 allows either oral or
written admonishments. Tex. Code Crim. Proc. Ann. art. 26.13(d) (Vernon 1989). The
written admonishments signed by Garcia in each case comply with Article 26.13, and
Garcia does not claim the signature on each admonishment is not his. The admonishments
were proper.

 Garcia also complains that the record does not state what the interpreter actually 
said to him during the translations. Whenever a translation was made, the record simply
contains a notation that the interpreter was "translating to the Defendant." The record
reveals the proceedings were conducted in a proper manner with the interpreter translating
at appropriate times. It is the appellant's burden to overcome the presumption of the
regularity of the proceedings. Lee v. State, 39 S.W.3d 373, 375 (Tex. App.--Houston [1st
Dist.] 2001, no pet.). Garcia did not file a motion for new trial with any attached
affidavits raising an issue about any alleged interpreter inadequacy. Issue three is
overruled.

 The convictions in cause numbers 09-02-00463, 09-02-00 464, and 09-02-00465 are
affirmed. 

 AFFIRMED.

 ___________________________________

 DAVID B. GAULTNEY 

 Justice


Submitted on August 4, 2003

Opinion Delivered August 14, 2003

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.