

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00357-CR

**FREDDIE LEE WALLACE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 272nd District Court
Brazos County, Texas
Trial Court No. 05-03424-CRF-272

## M E M O R A N D U M   O P I N I O N

Freddie Lee Wallace pled guilty without a plea bargain to the offense of aggravated sexual assault. TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2008). After a hearing on punishment to the court, the trial court sentenced Wallace to life in prison. We affirm.

Wallace's appellate counsel filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel concludes that the appeal is frivolous.

Wallace was informed of the right to file a *pro se* brief or other response, and Wallace has filed one. However, we review Wallace's brief solely to determine if there are any arguable grounds for appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). *See also In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d at 407.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders* at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits*, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy*, 486 U.S. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After a review of the briefs and the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d at 826-27. Accordingly, we affirm the trial court's judgment.

Should Wallace wish to seek further review of this case by the Texas Court of Criminal Appeals, Wallace must either retain an attorney to file a petition for

discretionary review or Wallace must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See In re Schulman*, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008) (citing *Glover v. State*, No. 06-07-00060-CR, 2007 Tex. App. LEXIS 9162 (Tex. App.—Texarkana, Nov. 20, 2007, pet. ref'd) (not designated for publication)).

Counsel's request that he be allowed to withdraw from representation of Wallace is granted. Additionally, counsel must send Wallace a copy of our decision, notify Wallace of his right to file a *pro se* petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see In re Schulman*, 252 S.W.3d at 409 n. 22.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed August 5, 2009
Do not publish
[CR25]