

IN THE
TENTH COURT OF APPEALS

No. 10-08-00390-CR

ROBERT ALLEN BYRD,

                                                                Appellant

 v.

THE STATE OF TEXAS,

                                                                Appellee


From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-568-C2


# MEMORANDUM OPINION

Robert Allen Byrd was convicted by a jury of capital murder.  TEX. PEN. CODE ANN. § 19.03(a)(2) (Vernon 2003).  The murder was alleged to have been committed in the course of committing or attempting to commit kidnapping.  TEX. PEN. CODE ANN. § 19.03(a)(2).  Because the State did not seek the death penalty, Byrd was mandatorily assessed punishment at imprisonment for life without parole in the Texas Department of Criminal Justice – Institutional Division.  TEX. PEN. CODE ANN. § 12.31(a) (Vernon 2003).  We affirm.

Byrd's appellate counsel filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel concludes that the appeal is frivolous.

Byrd has filed a *pro se* brief. However, we review Byrd's brief solely to determine if there are any arguable grounds for appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). *See also In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d at 407.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders* at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*, 996 S.W.2d 283, 285 (Tex. App.--Waco 1999, order) (per curiam), *disp. on merits*, 25 S.W.3d 806 (Tex. App.--Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy,* 486 U.S. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford,* 813 S.W.2d at 511.

After a review of the briefs and the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d at 826-27. Accordingly, we affirm the trial court's judgment.

Should Byrd wish to seek further review of this case by the Texas Court of Criminal Appeals, Byrd must either retain an attorney to file a petition for discretionary review or Byrd must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008) (citing *Glover v. State*, No. 06-07-00060-CR, 2007 Tex. App. LEXIS 9162 (Tex. App.—Texarkana, Nov. 20, 2007, pet. ref'd) (not designated for publication).[1]

Counsel's request that he be allowed to withdraw from representation of Byrd is granted. Additionally, counsel must send Byrd a copy of our decision, notify Byrd of his right to file a *pro se* petition for discretionary review, and send this Court a letter

---

[1] We note that counsel has an affirmative duty to ensure that the client has, at some point, been informed of his right to file a *pro se* PDR. The preferred mechanism for this is a letter sent to the client with the *Anders* brief and the motion to withdraw as counsel. *In re Schulman*, 252 S.W.3d 403, 408 n. 22 (Tex. Crim. App. 2008).

certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n. 22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed September 23, 2009
Do not publish
[CRPM]