IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00430-CR

 

Amanda Deann Seay,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 220th District
Court

Bosque County, Texas

Trial Court No. 13981

 



MEMORANDUM  Opinion










 

            Amanda Deann Seay appeals
from the revocation of her felony community supervision for the offense of
endangering a child.  Tex. Pen. Code
Ann. § 22.041 (West 2003).  Seay pled true to all eighteen of the
alleged violations of her community supervision, which included multiple
drug-related violations during her approximately four years on community
supervision.  After a contested hearing on punishment, the trial court revoked
Seay’s community supervision and sentenced her to fifteen months in the state
jail.    

Seay’s appellate counsel has filed an Anders
brief and a motion to withdraw as counsel.  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Counsel concludes
that the appeal is frivolous.

Counsel informed Seay of the right to
file a pro se brief, and Seay has not done so.  Counsel’s brief
evidences a professional evaluation of the record for error, and we conclude
that counsel performed the duties required of appointed counsel.  See Anders,
386 U.S. at 744; High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App.
1978); see also In re Schulman, 252 S.W.3d at 407.

In reviewing Anders appeals, we
must, “after a full examination of all the proceedings, . . . decide whether
the case is wholly frivolous.”  Anders at 744; accord Stafford v. State, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); Coronado
v. State, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), disp.
on merits, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref’d).  An appeal is
“wholly frivolous” or “without merit” when it “lacks any basis in law or
fact.”  McCoy v.  Court of Appeals, 486 U.S. 429, 439 n.10, 108 S. Ct.
1895, 100 L. Ed. 2d 440 (1988).  Arguments are frivolous when they “cannot
conceivably persuade the court.”  McCoy, 486 U.S. at 436.  An appeal is
not wholly frivolous when it is based on “arguable grounds.”  Stafford,
813 S.W.2d at 511.

After a review of the brief and the
entire record in this appeal, we determine that this appeal is wholly
frivolous.  See Bledsoe v. State, 178 S.W.3d at 826-27. 
Accordingly, we affirm the trial court’s judgment.

Should Seay wish to seek further review
of this case by the Texas Court of Criminal Appeals, Seay must either retain an
attorney to file a petition for discretionary review or Seay must file a pro
se petition for discretionary review. Any petition for discretionary review
must be filed within thirty days from the date of either this opinion or the
last timely motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals along with the rest of the
filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for discretionary review should comply
with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.  See In
re Schulman, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008) (citing Glover
v. State, No. 06-07-00060-CR, 2007 Tex. App. LEXIS 9162 (Tex.
App.—Texarkana, Nov. 20, 2007, pet. ref’d) (not designated for publication).

Counsel’s request that she be allowed to
withdraw from representation of Seay is granted.  Additionally, counsel must
send Seay a copy of our decision, remind Seay of her right to file a pro se
petition for discretionary review, and send this Court a letter certifying
counsel’s compliance with Texas Rule of Appellate Procedure 48.4.  Tex. R. App. P. 48.4; see In
re Schulman, 252 S.W.3d at 409 n. 22. 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed June 15, 2011

Do not publish

[CR25]






ily: 'CG Times', serif">      The Supreme Court of the United States has developed a four-part test for determining
whether the right to a public trial has been violated:
      (1)  the party seeking to close the hearing must advance an overriding interest
which is likely to be prejudiced;
 
      (2)  the closure must be no broader than necessary to protect that interest;
 
      (3)  the court must consider reasonable alternatives; and
 
      (4)  the court must make findings adequate to support its action.

Waller v. Ga., 467 U.S. 39, 48, 104 S. Ct. 2210, 2216, 81 L. Ed. 2d 31 (1984); U.S. v.
Edwards, 303 F.3d 606, 616 (5th Cir. 2002), cert. denied, 537 U.S. 1192, 123 S. Ct. 1272,
154 L. Ed. 2d 1025 (2003).
      Here, Johnson was the last witness to testify during the punishment phase. Without
solicitation, he remarked that he had passed two polygraph examinations. The court sustained
the State’s objection and instructed the jury to disregard this testimony. The court then
conducted a brief hearing in chambers during which the court cautioned Johnson against
making any further reference to polygraph examinations. Johnson’s testimony concluded
shortly thereafter.
      After the parties rested, the court conducted an additional hearing outside the presence of
the jury. The court stated that the hearing was being conducted because a bailiff had advised
the court that, during the prior hearing in chambers, a member of the audience had been heard
to say that Johnson in fact did pass two polygraph examinations. The court directed this
person to take the stand. Under oath, she identified herself as Johnson’s aunt. She testified, “I
was talking to my son, and I said, but he passed two polygraph tests, and I was crying, and I
was upset.”
      The court recounted how it had sustained the State’s motion in limine that any references
to polygraph examinations should not be mentioned during trial. Referring back to Johnson’s
unsolicited testimony about the polygraph examinations, the court expressed frustration with
what it perceived to be attempts to unlawfully influence the jury. The court ultimately ordered
Johnson’s aunt to leave the premises.
      “[A] trial court's inherent power includes broad discretion over the conduct of its
proceedings.” State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 199 (Tex. Crim. App. 2003)
(orig. proceeding). The court has a clear obligation to protect the jury from improper
influences. See Tex. Code Crim. Proc. Ann. art. 36.22 (Vernon 1981) (“No person shall be
permitted to converse with a juror about the case on trial except in the presence and by the
permission of the court.”); accord Hughes v. State, 24 S.W.3d 833, 842 (Tex. Crim. App.
2000). Thus, the trial court was acting to preserve an overriding interest when it excluded
Johnson’s aunt from the premises.
      The exclusion of Johnson’s aunt occurred at the conclusion of the trial. The court
excluded only one person, and the court explained its reasons on the record. Accordingly, we
conclude that the court did not violate Johnson’s right to a public trial when it excluded his
aunt from the premises. Johnson’s third issue is overruled.
INEFFECTIVE ASSISTANCE OF COUNSEL
      Johnson argues in his first issue that he received ineffective assistance of counsel because
his own attorney questioned him about his experience at juvenile boot camp, thus opening the
door to the State’s cross-examination regarding his juvenile criminal history. However, the
record is silent with regard to the reasons counsel pursued this line of questioning. Based on
this record, we cannot conclude that trial counsel’s performance fell below an objective
standard of reasonableness. See Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App.
2003). Accordingly, we overrule Johnson’s first issue.
CONTINUED DELIBERATIONS
      Johnson argues in his second issue that the court abused its discretion by requiring the jury
to continue with deliberations after receiving three notes stating that the jury was deadlocked. 
When the court received the third note from the jury, it summoned the jurors into the
courtroom. Each juror stated his or her belief that the jury in all probability would not be able
to reach a unanimous verdict if deliberations continued. Outside the presence of the jury,
Johnson requested a mistrial. The State countered that the jury should be required to continue
deliberating. The court overruled the motion for mistrial and directed the jury to continue
deliberations. The jury returned its verdict about one hour later.
      The decision of whether to require a jury to continue deliberating lies within the discretion
of the trial court. See Tex. Code Crim. Proc. Ann. art. 36.31 (Vernon 1981); Guidry v.
State, 9 S.W.3d 133, 155 (Tex. Crim. App. 1999). To determine whether the court has
abused its discretion in this regard, we consider several factors including: the length of the
trial, the amount of evidence admitted, and the nature and complexities of the case. See
Jackson v. State, 17 S.W.3d 664, 676-77 (Tex. Crim. App. 2000); Montemayor v. State, 55
S.W.3d 78, 87 (Tex. App.—Austin 2001, pet. ref’d); Bledsoe v. State, 21 S.W.3d 615, 623
(Tex. App.—Tyler 2000, no pet.).
      Here, the trial was not lengthy, and the evidence was not voluminous. Nevertheless, the
jury heard evidence that Johnson and the victim struggled over the firearm which fired the
deadly blast and heard conflicting evidence regarding which of them owned the firearm and
which of them initiated the confrontation. In addition, the jury had to decide between the
greater charge of capital murder, the lesser charge of aggravated robbery, and an acquittal. 
Given the complexities of the issues the jury was called upon to decide, we cannot say that the
court abused its discretion by requiring the jury to continue deliberating. See Montemayor, 55
S.W.3d at 87-88; Bledsoe, 21 S.W.3d at 623-24. Accordingly, we overrule Johnson’s second
issue.
 

      The judgment is affirmed.
 
                                                                   FELIPE REYNA
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna



Affirmed
Opinion delivered and filed May 5, 2004
Publish
[CR25]