IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00397-CR

No. 10-10-00398-CR

No. 10-10-00399-CR

 

Earl Markeith Henderson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court Nos. 07-06404-CRF-272,


07-06405-CRF-272 and 08-02608-CRF-272

 



MEMORANDUM  Opinion



 

            Earl Henderson pled guilty to the
offenses of Aggravated Assault on a Public Servant, Evading Arrest in a Motor
Vehicle (enhanced), Assault on a Public Servant (two counts), and pled no
contest to the offense of Aggravated Robbery.  Tex. Pen. Code Ann. §§ 22.02, 38.04, 29.03, 22.01 (West Supp.
2010).  There was no agreement regarding punishment.  Henderson was sentenced
by the trial court to concurrent sentences of forty years in prison for the aggravated
assault, twenty years in prison for the aggravated robbery, and ten years in
prison each for the evading arrest and the two assaults.  

Henderson’s appellate counsel has filed
an Anders brief and a motion to withdraw as counsel.[1]  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Counsel concludes
that the appeals are frivolous.  Counsel informed Henderson of the right to
file a pro se brief, but Henderson has not done so.  

Counsel’s brief evidences a professional
evaluation of the record for error, and we conclude that counsel performed the
duties required of appointed counsel.  See Anders, 386 U.S. at 744; High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); see also
In re Schulman, 252 S.W.3d at 407.

In reviewing Anders appeals, we
must, “after a full examination of all the proceedings, . . . decide whether
the case is wholly frivolous.”  Anders at 744; accord Stafford v. State, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); Coronado
v. State, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), disp.
on merits, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref’d).  An appeal is
“wholly frivolous” or “without merit” when it “lacks any basis in law or
fact.”  McCoy v. Court of Appeals, 486 U.S. 429, 439 n.10, 108 S. Ct.
1895, 100 L. Ed. 2d 440 (1988).  Arguments are frivolous when they “cannot
conceivably persuade the court.”  McCoy, 486 U.S. at 436.  An appeal is
not wholly frivolous when it is based on “arguable grounds.”  Stafford,
813 S.W.2d at 511.

After a review of the briefs and the
entire record in these appeals, we determine that these appeals are wholly
frivolous.  See Bledsoe v. State, 178 S.W.3d at 826-27. 
Accordingly, we affirm the trial court’s judgments.

Should Henderson wish to seek further review
of these cases by the Texas Court of Criminal Appeals, Henderson must either
retain an attorney to file petitions for discretionary review or Henderson must
file pro se petitions for discretionary review.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
Court.  See TEX. R. APP. P. 68.2.  Any petition for discretionary review
must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case.  See
TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with
the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
TEX. R. APP. P. 68.4.  See In re Schulman, 252 S.W.3d 403, 409 n.22
(Tex. Crim. App. 2008) (citing Glover v. State, No. 06-07-00060-CR, 2007
Tex. App. LEXIS 9162 (Tex. App.—Texarkana, Nov. 20, 2007, pet. ref’d) (not
designated for publication).

Counsel’s request that he be allowed to
withdraw from representation of Henderson is granted.  Additionally, counsel
must send Henderson a copy of our decision, remind Henderson of his right to
file pro se petitions for discretionary review, and send this Court a
letter certifying counsel’s compliance with Texas Rule of Appellate Procedure
48.4.  Tex. R. App. P. 48.4; see
In re Schulman, 252 S.W.3d at 409 n. 22. 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice




Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed June 22, 2011 

Do
not publish

[CRPM]









[1] The aggravated assault and the evading
charges are the basis of No. 10-10-00397-CR, the aggravated robbery is the
basis of No. 10-10-00398-CR, and the two assaults are the basis of No.
10-10-00399-CR.  These causes were considered by the trial court together and
counsel for Henderson submitted one brief covering all three appeals;
therefore, we will also address the appeals jointly.








fy'>          AUSTIN:      Yes, sir.

 

          COURT:       Okay.  Now, there are
punishment issues that can be raised, as I understand, on the sudden passion
issue, and if those are properly raised to the Court’s satisfaction, then the
jury will be so instructed in the punishment phase on the issue of sudden
passion.  Do you understand that?

 

          AUSTIN:      Yes, sir.

 

          [Austin enters guilty plea to each charge]

 

          COURT:       Okay.  Are you pleading
guilty of each one of those of your own free will and accord?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Have
you had sufficient time to consult with your attorney?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Any
questions that you need to ask your attorney at this time?

 

          AUSTIN:      No, sir.

 

          COURT:       I recognize that your
attorney has spent a considerable amount of time in this case talking to you
about it, looking at the evidence that’s been offered by the district
attorney’s office.  Is there anything you need to take up with me at this time
concerning the performance of your attorney?

 

          AUSTIN:      No, sir.

 

          COURT:       Okay.  Are you satisfied
100 percent with his performance, his investigation, his consultation with you
on these matters?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Okay.  And are you
pleading guilty to each one of these because  you are guilty and for no other
reason?

 

          AUSTIN:      Yes, sir.

 

Validity of the Guilty Pleas

          Austin contends in his sole issue that
his guilty pleas are invalid because the record does not reflect that the court
admonished him that he was waiving his privilege against compelled
self-incrimination and the right to confrontation.

          The procedural facts of Austin’s case are similar to those presented to the Court of Criminal Appeals in Gardner
v. State, 164 S.W.3d 393 (Tex. Crim. App. 2005).  Like Austin, the
appellant in Gardner contended that his plea was invalid “because the
record d[id] not affirmatively show that appellant understood the nature of the
constitutional due process protections that he was waiving when he pled
guilty.”  Id. at 398.

          The Court observed that the
intelligent and knowing nature of that appellant’s plea was shown in part by inference
from his counsel’s statements that he “would testify even though he did not
have to under the Fifth Amendment” and that his plea “saved the victim from
having to testify and saved the jury the ‘grueling experience’ of determining
[his] guilt.”  Id. at 399 (citing Henderson v. Morgan, 426 U.S. 637, 647, 96 S. Ct. 2253, 2258, 49 L. Ed. 2d 108 (1976) (“it may be appropriate to
presume that in most cases defense counsel routinely explain the nature of the
offense in sufficient detail to give the accused notice of what he is being
asked to admit”); United States v. Henry, 933 F.2d 553, 559 (7th Cir.
1991) (“defendant’s intelligent awareness” of constitutional rights “can be reasonably inferred from the transcript”)).

          The Court also observed:

                   The voluntary nature of
appellant’s guilty plea is further shown in the record by the overwhelming
evidence that appellant’s guilty plea was part of a strategy (which we may also
infer was done in consultation with competent counsel) to persuade the jury to
grant appellant probation.  Unlike this case, the record in Boykin was
silent on whether the defendant’s guilty plea was part of some trial strategy. 
See Boykin [v. Alabama], 395 U.S. [238,] 240, 89 S.Ct. 1709[,
1710, 23 L. Ed. 2d 274 (1969)] (“Trial strategy may of course make a plea of
guilty seem the desirable course.  But the record is wholly silent on that
point and throws no light on it.”).  We further note that in Brady, the
Supreme Court upheld the validity of a guilty plea accompanied by admonishments
similar to those here.  Brady [v. United States], 397 U.S. [742,] 743-44 n.2, 90 S. Ct. 1463[, 1466 n.2] and at 754-55[, 90 S. Ct. at 1472, 25 L. Ed. 2d 747
(1970)] (noting that defendant’s guilty plea was “entered in open court and
before a judge obviously sensitive to the requirements of the law with respect
to guilty pleas”).

 

Id. at 399-400 (footnote omitted).

          Here, it may be reasonably inferred
from counsel’s statements on the record that counsel thoroughly explained Austin’s right to a jury trial and the rights he would be forfeiting if he pleaded
guilty.  “The voluntary nature of [Austin]’s guilty plea is further shown in
the record by the overwhelming evidence that [his] guilty plea was part of a
strategy (which we may also infer was done in consultation with competent
counsel) to persuade the jury to grant [him] probation.”   See id.

Accordingly, we overrule Austin’s sole issue and
affirm the judgment in each case.

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed March 8, 2006

Do not publish

[CRPM]