

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00133-CR

_____

JUSTIN CLAYTON GOLDTHRITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 53,857-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Justin Clayton Goldthrite was indicted for and pled guilty to aggravated assault with a deadly weapon.[1]  *See* TEX. PENAL CODE ANN. § 22.02(a)(2).  Goldthrite appeals his conviction, arguing that the trial court erred in denying his motion for new trial because the State failed to comply with Articles 39.14 and 38.371 of the Texas Code of Criminal Procedure by failing to provide him with certain discovery.  *See* TEX. CODE CRIM. PROC. ANN. arts. 38.371, 39.14 (Supp.).  Because we find the trial court did not err in denying Goldthrite's motion for new trial, we affirm.

## I.      Denial of Motion for New Trial

Goldthrite argues that the trial court erred in denying his motion for new trial on the basis that incident reports involving the complaining witness should have been disclosed by the State.

### A.      Standard of Review

"An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if no reasonable view of the record could support the trial court's ruling."  *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017).  "This is a deferential standard of review that requires appellate courts to view the evidence in the light most favorable to the trial court's ruling."  *Id.*  In applying this standard of review, we must presume that the trial court disbelieved evidence supporting appellant's claims.  *See id.* at 821.  "In determining whether the trial court abused its discretion, an appellate court must not substitute its own

---

[1]In companion appellate cause number 06-25-00134-CR, Goldthrite challenges his conviction for one count of the offense of retaliation.  In companion appellate cause number 06-25-00135-CR, Goldthrite challenges his conviction for a second count of the offense of retaliation.  *See* TEX. PENAL CODE ANN. § 36.06(c) (Supp.).

judgment for that of the trial court, and it must uphold the trial court's ruling if it is within the zone of reasonable disagreement." *Id.* at 820.

## B.    Analysis

Goldthrite argues that the State violated Article 39.14 when it "failed to make discovery of reports and statements of assaultive conduct by the complaining witness," amounting to reversible harmful error. Goldthrite's argument seems to challenge the voluntariness of his plea, arguing that he was entitled to offense reports from other counties involving the complaining witness in the case. Specifically, Goldthrite argues that the State failed to produce incident reports related to the complaining witness in which she was arrested in situations involving Goldthrite.

> As set out by the Court of Criminal Appeals culminating in its *Watkins* decision, the baseline inquiries for determining a violation under the Michael Morton Act as embodied in Article 39.14 are: (1) did the State fail to disclose evidence (that was not work product or otherwise privileged); (2) was the withheld evidence favorable to the defendant; and (3) was the evidence material.

*Fortuna v. State*, 665 S.W.3d 861, 867 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (citing *Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011) ("setting out *Brady*[2] three-prong test"); *Watkins v. State*, 619 S.W.3d 265, 290 (Tex. Crim. App. 2021) ("construing 'material,' and effectively distinguishing third prong under the Texas statute")).

Here, however, there was a guilty plea. As explained by our sister court in *Humphries v. State*:

> A guilty plea involves, among other things, a waiver of a defendant's rights to be tried by a jury, to confront his accusers, to have a speedy and public trial, and to

---

[2]*See Brady v. Maryland*, 373 U.S. 83 (1963).

invoke his privilege against compulsory self-incrimination. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Ex parte Palmberg*, 491 S.W.3d 804, 807 (Tex. Crim. App. 2016) (orig. proceeding). To be effective, a waiver of those rights must be made voluntarily, knowingly, and intelligently. *Ex parte Barnaby*, 475 S.W.3d 316, 322 (Tex. Crim. App. 2015)[ (per curiam) (orig. proceeding)]. To be knowing and voluntary, a guilty plea must be made with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766 (1970). When the record shows that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was entered knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998)[ (per curiam)]; *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985)[ (per curiam)]; *see* CRIM. PROC. art. 26.13 (West Supp. 2023). The burden then shifts to the defendant to prove that "he did not fully understand the consequences of his plea such that he suffered harm." *Martinez*, 981 S.W.2d at 197 (citing *Ex parte Gibauitch*, 688 S.W.2d at 871). If the defendant "attests during the initial plea hearing that his plea is voluntary," the defendant has a "heavy burden" on appeal to prove that his plea was involuntary. *Houston v. State*, 201 S.W.3d 212, 217 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (quoting *Coronado v. State*, 25 S.W.3d 806, 809 (Tex. App.—Waco 2000, pet. ref'd)).

*Humphries v. State*, Nos. 11-22-00271-CR & 11-22-00272-CR, 2024 WL 3528959, at *6 (Tex. App.—Eastland July 25, 2024, no pet.) (mem. op., not designated for publication). To the extent Goldthrite argues that he was entitled to the offense reports related to the complainant before deciding how to plead, this is not the sort of information that the State is required to provide. The Texas Court of Criminal Appeals has held that "the voluntariness of a defendant's guilty plea is not contingent upon his awareness of the full dimension of the prosecution's case." *Ex parte Palmberg*, 491 S.W.3d at 809. "Naturally, the more information the defendant acquires before[ pleading guilty] about the prosecution's case, the better informed his decision to plead guilty will be, providing him the opportunity to make a 'wise' plea." *Id.* (citing *United States v. Ruiz*, 536 U.S. 622, 629 (2002)).

4

We are bound by the precedent of the Court of Criminal Appeals which has stated that as long as a defendant has "sufficient awareness of his circumstances— including an awareness that some facts simply remain unknown to him or are undetermined as of the time of his plea—his potentially unwise plea is still a voluntary one."

*Thurman v. State*, Nos. 01-19-00833-CR & 01-19-00834-CR, 2021 WL 3160632, at *6 (Tex. App.—Houston [1st Dist.] July 27, 2021, no pet.) (mem. op., not designated for publication) (quoting *Ex parte Palmberg*, 491 S.W.3d at 809).   A review of the record indicates that Goldthrite was "sufficiently aware of the circumstances when making his decision to plead . . . guilty to the underlying offenses."  *Id.*   In fact, Goldthrite himself was acutely aware of the offenses related to the complainant that he complains about on appeal, as he was directly involved in those offenses as well.  *See id.*   Goldthrite specifically questioned the complaining witness as to the offenses he now complains about on appeal, revealing that he was fully aware of the incidents prior to making his decision to plead guilty.  Therefore, issue one is overruled.

Goldthrite also argues that under Article 38.371, he and the complaining witness were in a dating relationship.  Article 38.371(b) states that "each party may offer testimony or other evidence of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense described by Subsection (a), including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim."  TEX. CODE CRIM. PROC. ANN. art. 38.371(b).  Though it is not entirely clear in his briefing, it appears that Goldthrite is arguing that, due to the nature of his relationship with the complainant, he was entitled to question her regarding the incident reports that the State failed to disclose.  Again, we note that Goldthrite did, in fact, question her regarding those incidents.  There is nothing in his

5

argument that explains what else, if anything, he would have done if he had been in possession of the offense reports. Therefore, issue two is overruled.

Accordingly, we conclude that the trial court did not err in denying Goldthrite's motion for new trial.

## II. Conclusion

We affirm the judgment of the trial court.

Charles van Cleef
Justice

Date Submitted: April 7, 2026
Date Decided: April 20, 2026

Do Not Publish

6